[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 332.]

THE STATE OF OHIO, APPELLEE, *v.* SLAGLE, APPELLANT.

[Cite as *State v. Slagle*, 2002-Ohio-6612.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Application denied when claim barred by res judicata—Neither App.R. 26(B) nor State v. Murnahan provides for second and subsequent applications for reopening appeal.*

(No. 2002-0996—Submitted October 15, 2002—Decided December 11, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 55759, 2002-Ohio-2722.

————————————

**Per Curiam.**

{¶1} Appellant, Billy Slagle, challenges the denial of his second application to reopen his direct appeal under App.R. 26(B).

{¶2} Slagle was convicted of the aggravated murder of Mari Anne Pope and sentenced to death. On appeal, the court of appeals affirmed the conviction and death sentence. *State v. Slagle* (Sept. 26, 1991), Cuyahoga App. No. 55759, 1991 WL 191836. On December 31, 1992, we also affirmed his conviction and sentence. *State v. Slagle* (1992), 65 Ohio St.3d 597, 605 N.E.2d 916, certiorari denied (1993), 510 U.S. 833, 114 S.Ct. 106, 126 L.Ed.2d 72.

{¶3} On August 4, 1994, Slagle filed an application for reopening with the court of appeals pursuant to App.R. 26(B), alleging ineffective assistance of appellate counsel. The court of appeals denied the application, finding that appellant had failed to file a timely application pursuant to App.R. 26(B)(2)(b). In addition, the court of appeals held that appellant's seven proposed assignments of error failed to establish a colorable claim of ineffective assistance of appellate

counsel. *State v. Slagle* (Sept. 1, 1994), Cuyahoga App. No. 55759. On July 19, 1995, we affirmed the judgment of the court of appeals for the reasons stated in its opinion. *State v. Slagle* (1995), 72 Ohio St.3d 509, 510, 651 N.E.2d 937.

{¶4} In addition, the trial court denied Slagle's amended petition for postconviction relief, and the court of appeals affirmed. *State v. Slagle* (Aug. 10, 2000), Cuyahoga App. No. 76834, 2000 WL 1144947. We declined to accept Slagle's appeal. *State v. Slagle* (2000), 90 Ohio St.3d 1490, 739 N.E.2d 815.

{¶5} On November 20, 2001, Slagle filed the instant application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel in his direct appeal.

{¶6} In denying appellant's second application for reopening, the court of appeals held that there is no right to file successive applications for reopening pursuant to App.R. 26(B). See *State v. Richardson* (1996), 74 Ohio St.3d 235, 658 N.E.2d 273. The court of appeals further held that the doctrine of res judicata applied, since his new claims of ineffective assistance of appellate counsel could have been raised in his initial application to reopen. *State v. Slagle* (May 29, 2002), Cuyahoga App. No. 55759, 2002 WL 1335630. The cause is now before this court upon an appeal as of right.

{¶7} We affirm the judgment of the court of appeals. As we held in *State v. Richardson*, 74 Ohio St.3d at 236, 658 N.E.2d 273, neither App.R. 26(B) nor *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204, provides for second and subsequent applications for reopening. Moreover, we find no injustice in applying the doctrine of res judicata on these facts.

{¶8} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Diane Smilanick, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, Ohio Public Defender, Joseph E. Wilhelm, Appellate Supervisor, Kelly L. Culshaw and Robert K. Lowe, Assistant State Public Defenders, for appellant.

_____