OPINION
{¶ 1} Defendant-appellant, Jerry M. Rhodes, Jr., appeals his sentence imposed by the Belmont County Common Pleas Court, for his conviction, following a jury trial, of gross sexual imposition.
 {¶ 2} Appellant was indicted for rape in violation of R.C.2907.02(A)(1)(b). The case proceeded to a jury trial. At the close of the plaintiff-appellee's, State of Ohio, case, appellant made an oral motion for acquittal. The motion was denied. Appellant was found guilty of R.C. 2907.05(A), gross sexual imposition, the lesser included offense of rape. Subsequently, the trial court held a sentencing/sexual predator hearing. The court sentenced appellant to five years in prison and determined him to be a sexual predator. Appellant renewed his motion for acquittal after the sentencing hearing. The motion was once again denied. Appellant appealed. State v. Rhodes (Mar. 27, 2002), 7th Dist. No. 99 BA 62.
 {¶ 3} On appeal this court affirmed appellant's conviction and sentence on two separate questions. First, we determined that appellant's conviction was supported by sufficient evidence. Second, we determined that the sexual predator determination was supported by sufficient evidence. However, the case was remanded to the trial court with instructions to amend the journal entry to specifically state that appellant was not a habitual sex offender. The trial court filed a judgment entry to that effect on April 18, 2002.
 {¶ 4} After disposition of the initial appeal, appellant filed a motion for reopening. The motion was 21 days late. However, this court found good cause for the delay. As such, we granted the reopening but limited it to issues concerning the maximum sentence. (September 6, 2002, Journal Entry.)
 {¶ 5} In appellant's second appeal, he argued that the trial court had failed to make the necessary findings in order to sentence him to the maximum sentence. We agreed and vacated appellant's sentence and remanded the case for resentencing.State v. Rhodes, 7th Dist. No. 99 BA 62, 2003-Ohio-1245.
 {¶ 6} On May 27, 2003, the trial court resentenced appellant in accordance with our instructions and made the requisite findings. Appellant again appeals from this sentencing order.
 {¶ 7} Appellant's first assignment of error states:
 {¶ 8} "The sentencing court erred by failing to notify defendant-appellant of mandatory post-release control, pursuant to R.C. 2967.28, in violation [sic] R.C. 2929.19(B)(3)(c)."
 {¶ 9} As this court indicated in its judgment entry of September 6, 2002, this court limited the reopening of appellant's appeal to the issues concerning the maximum sentence. In that entry, this court specifically stated that "[a]ny other error raised on appeal will not be addressed." The issue raised by appellant's first assignment of error does not concern imposition of the maximum sentence and therefore goes beyond the limit we set for the reopening of appellant's appeal. See App.R. 26(B)(7). Moreover, in State v. Slagle, 97 Ohio St.3d 332,2002-Ohio-6612, 779 N.E.2d 1041, at ¶ 7, the Ohio Supreme Court held that "neither App.R. 26(B) nor State v. Murnahan [(1992)],63 Ohio St.3d 60, 584 N.E.2d 1204, provides for second and subsequent applications for reopening." Therefore, appellant's first assignment of error is overruled as waived.
 {¶ 10} Appellant's second assignment of error states:
 {¶ 11} "The sentencing court's finding that a maximum sentence was warranted under R.C. § 2929.14(C) violates defendant-appellant's right to equal protection and due process of law under the fourteenth amendment to the united states constitution and article i, section 16 of the ohio constitution."
 {¶ 12} Again, when this court previously reopened appellant's appeal two years ago (i.e., appellant's second appeal), this court allowed appellant only to address issues concerning the maximum sentence. Appellant did not raise the particular issue presented by this assignment of error. See State v. Rhodes, 7th Dist. No. 99 BA 62, 2003-Ohio-1245. To consider the issue now would be to effectively grant appellant a second and subsequent application for reopening, which is not allowed. State v.Slagle, 97 Ohio St.3d 332, 2002-Ohio-6612, 779 N.E.2d 1041, at ¶ 7. Therefore, for the same reasons stated under appellant's first assignment of error, appellant's second assignment of error is overruled as waived.
 {¶ 13} Accordingly, appellant's assignments of error are overruled and the judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, P.J., concurs.