OPINION
{¶ 1} Defendant-appellant, Andre R. Alexander, appeals from the judgment of the Franklin County Court of Common Pleas sentencing appellant to non-minimum prison terms on his convictions for aggravated burglary, aggravated robbery, and felonious assault.
 {¶ 2} The Franklin County Grand Jury indicted appellant on felonious assault, a second-degree felony, in violation of R.C. 2903.11, and the following first-degree felonies: (1) aggravated burglary, in violation of R.C. 2911.11; (2) aggravated robbery, in violation of R.C. 2911.01; and (3) kidnapping, in violation of R.C. 2905.01. Appellant pled not guilty and a bench trial commenced.
 {¶ 3} The trial court found appellant guilty of felonious assault, aggravated burglary, and aggravated robbery, but not guilty of kidnapping. At sentencing, appellant's attorney indicated that appellant had no prior criminal convictions. The trial court proceeded to sentence appellant to concurrent prison terms of six years for aggravated burglary, six years for aggravated robbery, and four years for felonious assault.
 {¶ 4} Appellant appeals, raising one assignment of error:
The trial court commits reversible error when it fails to give the minimum sentence to a first time offender in contradiction to R.C. § 2929.14(B).
 {¶ 5} Appellant's single assignment of error concerns his prison sentences. As noted above, the trial court sentenced appellant to six years imprisonment for his first-degree felony convictions and four years imprisonment for his second-degree felony conviction. The six-year prison terms for the first-degree felonies exceed the minimum three years that the felony sentencing statutes authorize for such felonies. R.C.2929.14(A). The four-year prison term on the second-degree felony exceeds the minimum two years that the felony sentencing statutes authorize for such a felony. Id. In challenging his sentences, appellant contends that the trial court failed to comply with the felony sentencing statutes when imposing non-minimum prison sentences. Plaintiff-appellee, the State of Ohio, concedes, and we agree.
 {¶ 6} In order to impose a non-minimum prison term on a defendant, like appellant, who previously has not served a prison term, the trial court must find: (1) the shortest prison term will demean the seriousness of the defendant's conduct; or (2) the shortest prison term will not adequately protect the public from future crime by the defendant or others. R.C. 2929.14(B). The trial court must make these findings at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26. However, the trial court is not required to provide reasons behind its R.C. 2929.14(B) findings. State v. Edmonson (1999), 86 Ohio St.3d 324,326; Comer at ¶ 26, fn. 2. The trial court's sentence is "contrary to law" and subject to remand if, by clear and convincing evidence, the trial court failed to make the requisite statutory findings. State v.Altalla, Franklin App. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7.
 {¶ 7} Here, as both parties recognize, the trial court failed to find that the shortest prison term would demean the seriousness of appellant's conduct, or that the shortest prison term would not adequately protect the public from future crime by appellant or others. Accordingly, we sustain appellant's single assignment of error, and the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Brown, P.J., and McGrath, J., concur.