OPINION
{¶ 1} Brian K. Imler, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which he was found guilty, pursuant to a plea of guilty to five counts of rape, which are first-degree felonies and violations of R.C.2907.02, and found to be a sexual predator.
 {¶ 2} On October 15, 2003, appellant was indicted on 60 counts of rape, each containing an R.C. 2941.148 specification. The indictment alleged that appellant had engaged in sexual conduct with J.G., that J.G. was less than 13 years old at the time, and that appellant purposely compelled J.G. to submit to the sexual conduct by force or threat of force. Some counts alleged the sexual conduct was fellatio, while the others alleged the sexual conduct was anal intercourse. J.G. was 11-12 years old at the time of the offenses in 2002 and 2003, and was the son of appellant's girlfriend. On August 16, 2004, appellant pled guilty to five counts of rape without force. On October 21, 2004, a sentencing hearing was held, at which appellant was sentenced to five consecutive four-year terms of imprisonment, for a total incarceration of 20 years. Immediately following the sentencing hearing, the trial court held a sexual predator hearing, at which the court found appellant to be a sexual predator. The trial court entered judgment on October 26, 2004. Appellant appeals the judgment of the trial court, asserting the following four assignments of error:
FIRST ASSIGNMENT OF ERROR
The trial court erred to the prejudice of the defendant by failing to impose a minimum term of imprisonment, where the decision to impose a greater term was based upon judicial factfinding in violation of the defendant's right to a jury trial.
SECOND ASSIGNMENT OF ERROR
The trial court erred to the prejudice of the defendant by imposing consecutive terms of imprisonment, where the decision to impose such consecutive terms was based upon judicial factfinding in violation of the defendant's right to a jury trial.
THIRD ASSIGNMENT OF ERROR
The trial court erred to the prejudice of the defendant by finding him to be a "sexual predator" under Chapter 2950 of the Ohio Revised Code.
FOURTH ASSIGNMENT OF ERROR
The trial court committed plain error by holding the sexual offender classification hearing after the sentencing hearing, in violation of Chapter 2950 of the Ohio Revised Code.
 {¶ 3} We will address appellant's first and second assignments of error together, as they are related. In his first assignment of error, appellant argues that the trial court erred by failing to impose a minimum term of imprisonment, where the decision to impose a greater term was based upon judicial factfinding in violation of his right to a jury trial. Appellant argues in his second assignment of error that the trial court erred by imposing consecutive terms of imprisonment, where the decision to impose such consecutive terms was based upon judicial factfinding in violation of his right to a jury trial.
 {¶ 4} Under these two assignments of error, appellant argues that the trial court lacked authority to sentence him to non-minimum, consecutive terms, relying on the United States Supreme Court's decision in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531. Appellant claims that, pursuant toBlakely, he was entitled to a jury determination on those factual findings upon which the trial court based its sentence. However, we reject appellant's argument, just as we have rejected identical arguments in a recent line of cases beginning withState v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522, in which we held Blakely does not preclude the trial court from issuing a non-minimum sentence in accordance with Ohio's sentencing guidelines, and Blakely does not apply to consecutive sentences. Id. at ¶ 29-30. See, also, e.g., Statev. Fout, Franklin App. No. 04AP-1139, 2005-Ohio-3151; State v.Satterwhite, Franklin App. No. 04AP-964, 2005-Ohio-2823; Statev. Linville, Franklin App. No. 04AP-917, 2005-Ohio-3150; Statev. Smith, Franklin App. No. 04AP-859, 2005-Ohio-2560. Therefore, based upon our recent precedent in Abdul-Mumin, appellant's first and second assignments of error are overruled.
 {¶ 5} Appellant also seeks to certify our present opinion as being in conflict with State v. Bruce, 159 Ohio App.3d 562,2005-Ohio-373, on the following question: Whether the decision of the United States Supreme Court in Blakely renders Ohio's sentencing scheme unconstitutional. We grant appellant's motion and certify this opinion, pursuant to App.R. 25, to the Ohio Supreme Court as being in conflict with the opinion of the First District Court of Appeals in Bruce.
 {¶ 6} Appellant argues in his third assignment of error that the trial court erred by finding him to be a "sexual predator." A trial court may find that an individual is a sexual predator only if the individual has been convicted of a sexually oriented offense and is found to be likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E);2950.09(B)(3). Because rape is considered a sexually oriented offense, the issue in the present case becomes whether the state proved, by clear and convincing evidence, that appellant is likely to engage in future sexually oriented offenses. Clear and convincing evidence is that measure or degree of proof that is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and that will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954),161 Ohio St. 469, at paragraph three of the syllabus. Further, in reviewing a claim of insufficient evidence, this court reviews de novo.State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Review is limited to whether there is sufficient, probative evidence to support the trial court's determination; that is, whether the evidence against the appellant, if believed, would support the determination that the appellant is a sexual predator. State v.Overcash (1999), 133 Ohio App.3d 90, 94.
 {¶ 7} In determining whether an offender is a sexual predator, the court must consider all relevant factors to determine whether such evidence is sufficient to support the finding that the individual is likely to engage in future sex offenses. See R.C. 2950.09(B)(3). These factors include, but are not limited to: (a) the offender's age; (b) the offender's prior criminal record for all types of offenses; (c) the age of the victim; (d) whether the sex offense involves multiple victims; (e) whether the offender used drugs or alcohol to impair the victim of the sex offense; (f) whether the offender completed a sentence for any conviction or participated in any available program for sex offenders; (g) any mental disease or disability of the offender; (h) the nature of the conduct, contact, or interaction with the victim and whether the offender engaged in a pattern of abuse with the victim; (i) whether the offender displayed cruelty toward the victim; and (j) any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 8} The Ohio Supreme Court has held that the trial court should consider the statutory factors listed in R.C.2950.09(B)(3) and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v.Eppinger (2001), 91 Ohio St.3d 158, 166 (discussing former R.C.2950.09[B][2]). No requisite number of these factors must apply before an offender is found to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be relevant. State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184; State v. Degroat (Sept. 6, 2001), Franklin App. No. 00AP1-485. Even one or two factors are sufficient as long as the evidence of likely recidivism is clear and convincing. State v. Hardie (2001), 141 Ohio App.3d 1, 5.
 {¶ 9} Appellant's sole argument is that the only evidence presented to support the sexual predator classification was hearsay evidence from the pre-sentence investigation ("PSI") report, which he claims does not satisfy the state's burden of producing clear and convincing evidence. We disagree. Insofar as the trial court relied upon hearsay information from the PSI report in making its determination, it is well-settled that the Rules of Evidence do not strictly apply to a sexual predator determination hearing. State v. Cook (1998), 83 Ohio St.3d 404,425. Thus, reliable hearsay, such as a PSI report, may be relied upon by the trial judge. Id.
 {¶ 10} In the present case, the PSI report contained clear and convincing evidence that appellant should be classified as a sexual predator. Appellant was 41 years old at the time of the rapes. See R.C. 2950.09(B)(3)(a). This age is not so advanced so as to diminish his risk of re-offending. Appellant also had myriad prior offenses, including three breaking and entering convictions, five driving while under the influence convictions, one aggravated menacing conviction, three domestic violence convictions, one receiving stolen property conviction, one disorderly conduct conviction, and one assault conviction. R.C.2950.09(B)(3)(b). Past behavior is relevant to future propensity to commit crimes because past behavior is often an indicator of future violent tendencies. State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, citing State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600. Further, the victim of the offenses in the present case was a minor. See R.C.2950.09(B)(3)(c). Ohio courts have acknowledged the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. See State v. Maynard
(1999), 132 Ohio App.3d 820, 826. Also, appellant's repeated sexual abuse of the minor over a period of months was part of a demonstrated pattern of sexual misconduct. See R.C.2950.09(B)(3)(h). In addition, appellant blamed the rapes on the minor, claiming the minor had seduced him as a part of a scheme to get him to leave the home. The desire to characterize the victim as a seducer and instigator "inspires no confidence in appellant's ability to confront the culpability of his own actions, and correspondingly refrain from future criminal sexual conduct." State v. Leonard (June 21, 2001), Franklin App. No. 00AP-1229.
 {¶ 11} After reviewing the evidence presented at the hearing, we agree there was clear and convincing evidence showing that appellant is likely to engage in the future in one or more sexually oriented offenses. Although not all factors in R.C.2950.09(B)(3) existed in the present case, there was sufficient, probative evidence to support the trial court's determination that the remaining factors weighed in favor of a finding that appellant is likely to engage in sexually oriented offenses in the future. For these reasons, appellant's third assignment of error is overruled.
 {¶ 12} Appellant argues in his fourth assignment of error that the trial court erred by holding the sexual offender classification hearing after the sentencing hearing, contrary to R.C. 2950. The state counters that appellant waived this issue by not objecting to the procedure at the time of the hearing, citingState v. Bellman (1999), 86 Ohio St.3d 208. In Bellman, the Ohio Supreme Court, analyzing the sexual predator hearing requirements in R.C. 2950.09(B)(2), held that the time prescriptions in the statute are merely for judicial convenience and orderly procedure, and, thus, are only directory. Id. at 210. The court concluded that the provision, therefore, is not jurisdictional, and a defendant may waive the requirement in R.C.2950.09(B)(2) that the sexual predator hearing precede sentencing. Id. at 210-211.
 {¶ 13} In the present case, appellant contends that Bellman
does not apply because he did not expressly waive the right to have his sexual predator hearing before the sentencing hearing, unlike the defendant in Bellman. However, appellant's argument that an express waiver is required has been raised and rejected in several other cases. See State v. Wyant, Madison App. No. CA2003-08-029, 2004-Ohio-6663, at ¶ 15 (Bellman applies even when an offender does not expressly waive time prescriptions);State v. Elder, Ottawa App. No. OT-01-027, 2003-Ohio-893, at ¶ 17 (defendant's failure to object to his sentencing preceding his sexual predator hearing constitutes a waiver of the requirement that a sexual predator hearing precede sentencing); State v.Echols (May 5, 2000), Greene App. No. 99CA60 (holding inBellman was not dependent upon an express waiver). We concur with these cases and find appellant waived any argument with regard to the trial court's procedure in this respect.
 {¶ 14} Because appellant failed to object to the trial court's imposition of sentence before conducting the sexual offender classification portion of the hearing, he has waived all but plain error. Bellman, at 211. However, appellant has failed to establish plain error, and we fail to see how appellant was prejudiced. As one court has noted, "[i]f anything, a prior finding that an offender is a sexual predator would tend to increase, not lessen, the sentence that he receives." State v.Hurst, Montgomery App. No. 20435, 2005-Ohio-128, at ¶ 6. Consequently, we find no plain error. For these reasons, appellant's fourth assignment of error is overruled.
 {¶ 15} Accordingly, appellant's motion to certify our present opinion as being in conflict with Bruce as to whether the decision of the United States Supreme Court in Blakely renders Ohio's sentencing scheme unconstitutional is granted and, pursuant to App.R. 25, this court certifies this opinion to the Ohio Supreme Court as being in conflict with the opinion of the First District Court of Appeals in Bruce. Appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Motion to certify granted; judgment affirmed.
French and McGrath, JJ., concur.