OPINION
{¶ 1} On September 13, 2000, the Franklin County Grand Jury indicted defendant-appellant, Wendell L. Cruse, on one second-degree felony count of robbery and one third-degree felony count of robbery, both of which stemmed from an incident that occurred on September 4, 2000. That case was assigned Franklin County Common Pleas case No. 00CR-5470. On November 22, 2000, appellant was indicted on one second-degree felony count of robbery and one third-degree felony count of robbery, both of which stemmed from an incident that occurred on October 26, 2000. That case was assigned Franklin County Common Pleas case No. 00CR-6717.
 {¶ 2} On February 12, 2001, appellant entered guilty pleas to each of the two third-degree felony counts of robbery with which he had been charged. Upon the state's motion, the court ordered that a nolle prosequi be entered as to the two second-degree robbery counts. On April 25, 2001, the trial court sentenced appellant to a term of three years of imprisonment for the conviction arising out of the September 4, 2000 offense, and four years imprisonment for the conviction arising out of the October 26, 2000 offense, and ordered that the terms run consecutively, for a total sentence of seven years.
 {¶ 3} This court granted appellant leave to file delayed appeals from his sentence and from the trial court's denial of his motion to withdraw his guilty pleas. We overruled all of appellant's assignments of error. See State v. Cruse, Franklin App. No. 01AP-1074, 2002-Ohio-3259, discretionary appeal not allowed, 97 Ohio St.3d 1422, 2002-Ohio-5820,777 N.E.2d 277.
 {¶ 4} On December 21, 2004, appellant filed petitions for post-conviction relief in both common pleas case numbers. The petitions alleged that, pursuant to Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, rehearing denied (2004), 159 L.Ed.2d 851,125 S.Ct. 21, the consecutive sentences imposed upon appellant violated his Sixth Amendment right to a trial by jury. By entry dated January 13, 2005, the trial court denied the petitions without a hearing because it found that the petitions had been filed untimely, the issues contained therein could have been raised on appeal, and the sentences did not violate any of appellant's constitutional rights.
 {¶ 5} Appellant filed a notice of appeal and raises the following assignments of error:
 First Assignment of Error
The trial court erred in holding that the petition for post conviction relief was untimely.
 Second Assignment of Error
The trial court erred in ruling that the imposition of consecutive sentence under the finding in R.C. 2929.14(E)(3), did not violate the Sixth
Amendment and that Blakely was inapplicable to consecutive sentences in multiple cases.
 {¶ 6} The assignments of error are interrelated and will be addressed together. By the first assignment of error appellant contends that the trial court erred in finding that his post-conviction relief petitions were untimely. By the second assignment of error appellant contends that the trial court erred in ruling that Blakely did not recognize a new federal or state right that applied retroactively to appellant so as to establish the trial court's jurisdiction to entertain his petitions for post-conviction relief despite the untimeliness of same.
 {¶ 7} In order to obtain post-conviction relief, a petitioner must demonstrate that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C.2953.21(A)(1)(a). The court" shall determine whether there are substantive grounds for relief" before granting a hearing on a petition for post-conviction relief. R.C. 2953.21(C). A petitioner is not automatically entitled to a hearing. The evidence must facially demonstrate a denial or infringement of the petitioner's rights that renders the conviction or sentence void or voidable; otherwise, the trial court may deny the petition without a hearing. State v. Calhoun (1999),86 Ohio St.3d 279, 714 N.E.2d 905.
 {¶ 8} R.C. 2953.21(A)(2) provides that a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." The statute also provides that, if no appeal is taken, the petition shall be filed no later than 180 days after the expiration of the time for filing the appeal. A trial court has no jurisdiction to entertain an untimely petition for post-conviction relief unless the petitioner demonstrates that one of the exceptions contained in R.C. 2953.23(A) applies. State v. Halliwell
(1999), 134 Ohio App.3d 730, 734, 732 N.E.2d 405. The burden of establishing an R.C. 2953.23(A) exception is upon the petitioner. Statev. Poindexter (Aug. 29, 1997), Hamilton App. No. C-960780, 1997 Ohio App. LEXIS 3812.
 {¶ 9} R.C. 2953.23 provides, in pertinent part:
(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 10} In this case, appellant filed delayed appeals with leave of court. A delayed appeal does not extend the time for filing a petition for post-conviction relief. State v. Price (Sept. 29, 1998), Franklin App. No. 98AP-80. In order to be timely, appellant's petitions must have been filed no later than November 21, 2001, which is 210 days after the trial court's April 25, 2001 judgment entry was filed. Appellant did not file his petitions for post-conviction relief until December 21, 2004.
 {¶ 11} Appellant argues that, pursuant to R.C. 2953.23(A)(1), his petitions should have been considered despite the fact that they were filed untimely because, in Blakely, the United States Supreme Court recognized a new federal or state right that applies retroactively to appellant, and his petition was filed within 180 days after Blakely was decided. Thus, the dispositive issue as to both of appellant's assignments of error is whether Blakely indeed represents the recognition of a new federal or state right that applies retroactively to appellant. We conclude that it does not.
 {¶ 12} Appellant maintains that, pursuant to Blakely, the trial court was not permitted to make the factual findings upon which the court based its imposition of consecutive sentences. He argues that, absent such findings being made by a jury or being admitted by him, the trial court was required to order that the sentences be served concurrently. Because the necessary findings were not determined by a jury or admitted by him, he urges, his sentence violated his Sixth Amendment right to a trial by jury.
 {¶ 13} The Blakely decision followed and explained the United States Supreme Court's decision in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435. In Apprendi, the court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. A sentence that is greater than the statutory maximum and that is not based upon facts admitted by the defendant or found by a jury beyond a reasonable doubt, violates the defendant's right to a trial by jury as guaranteed by the Sixth Amendment to the United States Constitution. Id. at 476. See, also, Jones v. United States (1999), 526 U.S. 227,119 S.Ct. 1215, 143 L.Ed.2d 311.
 {¶ 14} In Blakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." Blakely, supra at 2537. (Emphasis sic.)
 {¶ 15} This court has repeatedly rejected Blakely-based arguments such as appellant's. In State v. Abdul-Mumin, Franklin App. No. 04AP-485,2005-Ohio-522, discretionary appeal allowed, 106 Ohio St.3d 1411,2005-Ohio-3154, 830 N.E.2d 344, we held that:
Ohio's sentencing scheme does not encroach upon the traditional and constitutionally required role of the jury in finding those facts that fix the upper limit of a defendant's punishment for a particular offense. Rather, the upper limit, or in Blakely terms, the "statutory maximum" sentence to which one accused of a felony knows he will be exposed upon walking through the courtroom door, is established by statute. R.C. 2929.14(B) does not allow judge-made findings to enhance a defendant's punishment beyond the maximum sentence corresponding to the class of offense of which he is convicted or to which he pleads guilty. * * *
Id. at ¶ 12. See, also, State v. Sieng, 10th Dist. No. 04AP-556,2005-Ohio-1003, discretionary appeal allowed, 106 Ohio St.3d 1481;2005-Ohio-3978; 832 N.E.2d 735; State v. Cockroft, 10th Dist. No. 04AP-608, 2005-Ohio-748; State v. Smith, 10th Dist. No. 04AP-859,2005-Ohio-2560; State v. Satterwhite, 10th Dist. No. 04AP-964,2005-Ohio-2823, State v. Linville, 10th Dist. No. 04AP-917, 2005-Ohio-3150;State v. Imler, 10th Dist. No. 04AP-1246, 2005-Ohio-4241; State v. Fout,
10th Dist. No. 04AP-1139, 2005-Ohio-3151; State v. Sanchez, 10th Dist. No. 04AP-1320, 2005-Ohio-3783; State v. Houston, 10th Dist. No. 04AP-875, 2005-Ohio-4249; State v. Newcomb, 10th Dist. No. 04AP-1223,2005-Ohio-4570; State v. Baker, 10th Dist. No. 05AP-177, 2005-Ohio-4680;State v. Macon, 10th Dist. No. 05AP-155, 2005-Ohio-4929; State v.Henderson, 10th Dist. No. 04AP-1212, 2005-Ohio-4970.
 {¶ 16} In the present case, appellant pled guilty to two counts of robbery, both felonies of the third degree. The guilty plea authorized a sentence of one, two, three, four, or five years of imprisonment on each count. R.C. 2929.14(A)(3). Thus, pursuant to Blakely and Abdul-Mumin and its progeny, five years was the "statutory maximum" for Apprendi purposes as to each count. The trial court sentenced appellant to a term of three years as to one count, and four years as to the other count. Neither of these sentences exceeds the five-year "statutory maximum" for Apprendi
purposes. Thus, the court's sentence as to each count does not run afoul of Blakely or appellant's Sixth Amendment right to a trial by jury.
 {¶ 17} The federal courts have consistently held that the imposition of consecutive sentences does not violate the Sixth Amendment so long as the individual sentence for each count does not exceed the statutory maximum for the corresponding offense. See, e.g., United States v. Feola
(C.A.2, 2001), 275 F.3d 216, 220; United States v. McWaine (C.A.5, 2002), 290 F.3d 269, 275-276; United States v. Pressley (C.A.11, 2003),345 F.3d 1205, 1213; United States v. Wingo (C.A.6, 2003), 76 Fed. Appx. 30; United States v. Sauceda (C.A.6, 2002), 46 Fed. Appx. 322.
 {¶ 18} This court has agreed. See, e.g., Abdul-Mumin, supra; Imler,
supra; Houston, supra; Satterwhite, supra; Smith, supra. Pursuant to this line of cases, because the individual sentence imposed upon appellant for each count to which he pled guilty does not exceed the statutory maximum under Blakely and Apprendi, the imposition of consecutive sentences likewise does not violate the Sixth Amendment.
 {¶ 19} Given all of the foregoing, Blakely does not represent the recognition of a new federal or state right that applies retroactively to appellant. Thus, appellant has not demonstrated that his petition for post-conviction relief should be entertained, despite its untimeliness, pursuant to the exception found in R.C. 2953.23(A)(1). Because he has not done so, the trial court was without jurisdiction to entertain his untimely petition for post-conviction relief. State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524. Therefore, the trial court did not err in dismissing appellant's petition as untimely.
 {¶ 20} For all of the foregoing reasons, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Klatt, JJ., concur.