OPINION
{¶ 1} In these consolidated appeals, defendant-appellant, Carrie L. Taylor, appeals from judgments of the Franklin County Court of Common Pleas, revoking her community control and imposing a prison sentence in case No. 02CR-3035, and sentencing her in case No. 04CR-7882, following the entry of a guilty plea, to counts of engaging in a pattern of corrupt activity, theft and tampering with records.
 {¶ 2} On June 5, 2002, appellant was indicted in case No. 02CR-3035 on one count of theft, in violation of R.C. 2913.02, and seven counts of forgery, in violation of R.C. 2913.31. Appellant subsequently entered a guilty plea to one count of theft (a fourth-degree felony) and two counts of forgery (both fifth-degree felonies), and the court entered a nolle prosequi as to the remaining counts. The court conducted a sentencing hearing on February 7, 2003, and, by entry filed on February 11, 2003, the court imposed community control sanctions, including 60-days work release, and ordered appellant to pay restitution in the amount of $22,642.
 {¶ 3} On December 1, 2004, appellant entered a guilty plea in case No. 04CR-7882 to one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32 (a first-degree felony), one count of theft, in violation of R.C. 2913.02 (a third-degree felony), and one count of tampering with records, in violation of R.C. 2913.42 (a third-degree felony). By entry filed January 11, 2005, the trial court sentenced appellant to seven years incarceration for engaging in a pattern of corrupt activity, three years for theft, and three years for tampering with records, such sentences to be served concurrently. The court also ordered appellant to pay restitution in the amount of $779,438.
 {¶ 4} By entry filed on January 13, 2005, the court revoked appellant's community control in case No. 02CR-3035, and ordered her to serve concurrent ten-month terms of incarceration on each of the three counts, with the sentence in that case to be served consecutively to the sentence in case No. 04CR-7882.
 {¶ 5} Appellant has appealed from both entries, setting forth the following three assignments of error for review:
Assignment of Error No. 1: The trial court erred in imposing non-minimum sentences on Appellant where the facts necessary to impose such sentences had neither been proven to a jury nor admitted by Appellant, thereby depriving Appellant of her right to a jury trial and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
Assignment of Error No. 2: The trial court abused its discretion in imposing non-minimum sentences on Appellant, as such sentences are contrary to law and are not supported by the record from the sentencing hearing. R.C. 2953.08.
Assignment of Error No. 3: The trial court erred in sentencing Appellant to prison after a violation of community control sanctions where the court, at the time of the original sentencing hearing, did not specify what sentence Appellant would receive upon a violation of the terms of community control.
 {¶ 6} Under her first assignment of error, appellant contends that the trial court erred in imposing non-minimum sentences where the facts necessary to support such sentences were not admitted by appellant or proven by a jury. In support, appellant relies upon the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. In Blakely, the Supreme Court held that, under the state of Washington's mandatory sentencing guidelines, the trial judge's imposition of an enhanced sentence more than three years above the 53-month statutory maximum of the standard range, based upon the court's finding that defendant acted with "deliberate cruelty," violated the defendant's constitutional right to a jury trial where facts essential to his sentence were "neither admitted by petitioner nor found by a jury." Id. at 2537.
 {¶ 7} This court, however, has held that the holding in Blakely does "not prohibit a trial court from imposing a non-minimum prison sentence under Ohio's felony sentencing statutes, even though the sentencing statutes do not require the jury to find, or the defendant to admit to, the applicable statutory factors that allow a trial court to impose a sentence above the authorized minimum." State v. Newcomb, Franklin App. No. 04AP-1223, 2005-Ohio-4570, at ¶ 32, citing State v. Abdul-Mumin,
Franklin App. No. 04AP-485, 2005-Ohio-522. See, also, State v.Satterwhite, Franklin App. No. 04AP-964, 2005-Ohio-2823; State v. Baker,
Franklin App. No. 05AP-177, 2005-Ohio-4680; State v. Imler, Franklin App. No. 04AP-1246, 2005-Ohio-4241. Rather, "under Ohio's felony sentencing statutes, `[a]s long as a court sentences a defendant to a prison term within the stated minimum and maximum terms permitted by law, * * * Blakely * * * [is] not implicated.'" State v. Fout, Franklin App. No. 04AP-1139, 2005-Ohio-3151, at ¶ 11, quoting State v. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003, at ¶ 38.
 {¶ 8} Based upon the above authority, Blakely did not preclude the trial court from imposing non-minimum prison sentences. Appellant's first assignment of error is without merit and is overruled.
 {¶ 9} Under her second assignment of error, appellant argues that the trial court erred in failing to make requisite statutory findings before imposing a non-minimum sentence. We disagree.
 {¶ 10} In order to impose a non-minimum sentence upon a defendant who has not previously served a prison term, the trial court must find: "(1) the shortest prison term will demean the seriousness of the defender's conduct; or (2) the shortest prison term will not adequately protect the public from future crime by the defendant or others." State v. Alexander,
Franklin App. No. 04AP-1181, 2005-Ohio-3281, at ¶ 6, citing R.C.2929.14(B). The trial court is required to make these findings at the sentencing hearing, but the court is not required to provide reasons for its findings under R.C. 2929.14(B). Baker, at ¶ 6.
 {¶ 11} In the present case, the trial court specifically noted on the record its view that a "lengthy prison sentence" was necessary to "protect the public." (Tr. Jan. 10, 2005, at 29.) In support, the trial court cited the large amounts of money involved, the successive victims, and the fact that the case "came up while [appellant] was fresh on community sanctions in the earlier case." (Tr. Jan. 10, 2005, at 30.) Upon review, we find that the trial court made the appropriate findings under R.C. 2929.14(B).
 {¶ 12} Accordingly, appellant's second assignment of error is without merit and is overruled.
 {¶ 13} Under her third assignment of error, appellant contends that the trial court erred in sentencing appellant to prison after a violation of community control when the court, at the time of the original sentencing hearing, failed to specify what sentence appellant would receive upon such violation. In support, appellant cites State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746.
 {¶ 14} In Brooks, at paragraph two of the syllabus, the Ohio Supreme Court held:
Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.
 {¶ 15} The state concedes that the trial court failed to notify appellant of the specific prison term she could receive if she violated the conditions of her community control. A review of the record indicates that, at the February 7, 2003 sentencing hearing, the court, in imposing community control sanctions, only alluded to the fact that it "very seriously considered sending her to Marysville." (Tr. Feb. 7, 2003, at 13-14.) Accordingly, based upon the authority of Brooks, this matter is remanded to the trial court for resentencing.
 {¶ 16} Based upon the foregoing, appellant's first and second assignments of error are overruled, appellant's third assignment of error is sustained, the judgments of the Franklin County Court of Common Pleas are affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings, in accordance with law, consistent with this opinion.
Judgments affirmed in part and reversed in part; cause remanded.
Klatt and McGrath, JJ., Concur.