DECISION
{¶ 1} Defendant-appellant, James H. Castle ("appellant'), appeals from the judgment of the Franklin County Court of Common Pleas finding him guilty of one count of possession of cocaine, a third-degree felony, pursuant to a plea of guilty to said charge. The trial court sentenced appellant to a five-year term of incarceration, recognized 180 days of jail credit, and waived fines and costs.
 {¶ 2} The charges in this case arise out of an incident that occurred on July 21, 2003, when Columbus police responded to a call about a disturbance at 74 West Moler Street involving a man with a gun. When officers arrived at the location, they observed appellant "yelling, screaming, [and] moving around the parking lot." (Dec. 21, 2004 Tr. at 5-6.) The officers inquired about appellant having a gun, and appellant lifted his shirt to show that he did not have a gun. A female at the scene approached the officers and informed one of them that appellant had a gun and drugs on him, and that the gun was probably in appellant's car. The officer asked appellant if he had anything in his car, and appellant responded that he did not, and gave the officers permission to search the car. After not finding a gun, the officer asked appellant if he had any drugs or contraband on his person. Appellant pulled out a wad of money, but the officer observed that something else remained in appellant's pocket. Appellant then pulled out a baggie, and put it down the back of his shorts. At this time the officers placed appellant in handcuffs and put him in the police cruiser. After appellant began "fidgeting with his cuffs behind him," the officers removed appellant from the car. (Id. at 12.) As appellant stepped out of the car, the baggie dropped out of his pants. Appearing to be a baggie containing cocaine, the officers placed appellant under arrest.
 {¶ 3} On March 10, 2004, a Franklin County Grand Jury indicted appellant on one count of possession of cocaine, a second-degree felony. Appellant filed a motion to suppress the evidence. After a hearing on December 21, 2004, the trial court denied appellant's motion to suppress. Thereafter, appellant stated his willingness to enter a guilty plea to the lesser offense of possession of cocaine as a felony of the third degree. However, appellant indicated to the court that he wished to reserve his right to appeal the denial of the motion to suppress. The trial court informed appellant that by entering a plea of guilty, he was giving up his right to appeal the ruling on the suppression motion. Appellant's counsel stated that he believed if his client received the maximum sentence, appellant had an automatic right to appeal that encompassed everything under the case number. Due to the confusion, the trial court continued the matter until January 4, 2005.
 {¶ 4} On January 4, 2005, appellant appeared in the trial court to enter a plea of guilty. The trial court reiterated to appellant that he would be waiving his right to appeal the trial court's decision on the motion to suppress by entering into a guilty plea. After appellant stated that he understood all the rights he was waiving, the trial court accepted appellant's guilty plea and imposed the maximum term of five years. Appellant timely appealed.
 {¶ 5} On appeal, appellant raises the following two assignments of error:
[1.] Appellant was denied the effective assistance of counsel as guaranteed under the state and federal Constitutions because of trial counsel's failure to preserve the challenge to the unlawful police search conducted in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Section 14, Article I of the Ohio Constitution.
[2.] The trial court erred in imposing the maximum term of incarceration based on facts not found by a jury or admitted by Appellant. This omission violated Appellant's rights to a trial by jury and due process under the state and federal Constitutions.
 {¶ 6} In his first assignment of error, appellant argues that his counsel was ineffective for failing to preserve the challenge to the unlawful police search, or in other words, for failing to preserve appellant's right to appeal the trial court's denial of appellant's motion to suppress.
 {¶ 7} We need not consider the merits of appellant's argument because appellant waived the right to contest the adverse ruling on the motion to suppress by entering a guilty plea. A guilty plea is a waiver of any errors, which may have occurred during trial, including those relating to the suppression of evidence. State v. De La Paz, Franklin App. Nos. 03AP-1147, 04AP-453, 2004-Ohio-5433 at ¶ 7, citing Huber Hts. v. Duty
(1985), 27 Ohio App.3d 244. Even assuming appellant's guilty plea did not waive the issue, his argument is still without merit.
 {¶ 8} The United States Supreme Court set forth a two-pronged analysis to be applied when reviewing an ineffective assistance of counsel claim.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. According to Strickland:
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Id. at 687.
 {¶ 9} To establish prejudice within the context of a guilty plea, appellant must show that but for counsel's errors, there is a reasonable probability that he would not have entered a guilty plea, but would have insisted on going to trial. De La Paz at ¶ 9, citing Hill v. Lockhart
(1985), 474 U.S. 52, 106 S.Ct. 366. Prior to accepting the guilty plea, the trial court went through an explanation of the rights that appellant was waiving by entering a guilty plea. Specifically relating to the motion to suppress, the following exchange took place:
The Court: But [your attorney] might suggest, for example, that the ruling I made on the motion to suppress, okay, that he might say, well, the judge was wrong and we should appeal that, okay? That is the sort of thing that you would have available to appeal and raise on appeal if we went through the trial and the jury convicted you, rulings by the court, errors by the prosecutor, not enough evidence, whatever it is, okay? So that's the sort of thing that you will be giving away, that right to appeal those issues if you plead guilty to the charge or the reduced charge.
* * *
If you want to go to trial, all those rights are available to you, and that's why [your attorney] is here, to protect those rights for you. On the other hand, if you accept the state's offer and give away the trial by pleading guilty, then all those rights, including the appellant rights, go out the window; they're waived or given away by you, along with the trial. Does that make sense?
The Defendant: Yeah.
The Court: Do you have any questions about anything that's going on in your case that you feel you want to ask me at this point, anything you're confused about?
The Defendant: No, Your Honor.
The Court: Would you like to talk with [your attorney] about anything? Would you like to talk further with [your attorney]?
The Defendant: No.
(Jan. 4, 2005 Tr. at 11-13.)
 {¶ 10} Thus, based on the above, even if there was any confusion on the part of either appellant or his counsel at the time of the December 2004 hearing, the record of the January 2005 proceeding makes clear that defendant knowingly, voluntarily, and intelligently waived his rights by entering the guilty plea. Further, appellant has not shown that he would have gone to trial rather than enter a guilty plea had his counsel done anything differently. Therefore, we find that appellant has not met the burden imposed by Strickland, supra. Accordingly, appellant's first assignment of error is overruled.
 {¶ 11} In his second assignment of error, appellant argues that the trial court erred in imposing the maximum sentence based on facts not found by a jury or admitted by appellant. In support of his argument, appellant relies on Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and their progeny. In sentencing appellant to the maximum five-year term, the trial court found that given appellant's 16 prior convictions, appellant posed "the greatest likelihood of committing future crimes," pursuant to R.C. 2929.14(C). (January 4, 2005 Tr. at 17-18.)
 {¶ 12} In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, according to Apprendi, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution and Fourteenth Amendment due process guarantees. InBlakely, the United States Supreme Court defined "`statutory maximum' forApprendi purposes" as "the maximum sentence a judge may impose solely onthe basis of the facts reflected in the jury verdict or admitted by thedefendant." Blakely at 413. (Emphasis sic.)
 {¶ 13} Appellant's argument with respect to this issue fails for two reasons. One, we reject appellant's Blakely-based argument, just as we have rejected identical arguments in a recent line of cases beginning with State v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522. In said case, we held:
Ohio's sentencing scheme does not encroach upon the traditional and constitutionally required role of the jury in finding those facts that fix the upper limit of a defendant's punishment for a particular offense. Rather, the upper limit, or in Blakely terms, the "statutory maximum" sentence to which one accused of a felony knows he will be exposed upon walking through the courtroom door, is established by statute. R.C. 2929.14(B) does not allow judge-made findings to enhance a defendant's punishment beyond the maximum sentence corresponding to the class of offense of which he is convicted or to which he pleads guilty. * * *
Id. at ¶ 12.
 {¶ 14} See, also, State v. Newcomb, Franklin App. No. 04AP-1223, 2005-Ohio-4570; State v. Houston, Franklin App. No. 04AP-875, 2005-Ohio-4249; State v. Imler, Franklin App. No. 04AP-1246, 2005-Ohio-4241; State v. Sanchez, Franklin App. No. 04AP-1320, 2005-Ohio-3783; State v. Fout, Franklin App. No. 04AP-1139, 2005-Ohio-3151;State v. Satterwhite, Franklin App. No. 04AP-964, 2005-Ohio-2823; Statev. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003.
 {¶ 15} Second, as argued by appellee, appellant had served a prior prison sentence. Blakely and Apprendi both recognize that the fact of a prior conviction need not be submitted to a jury. Thus, appellant'sBlakely arguments are actually a non-issue in this case. See State v.Trubee, Marion App. No. 9-03-65, 2005-Ohio-552. Accordingly, we overrule appellant's second assignment of error.
 {¶ 16} For the foregoing reasons, appellant's two assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Petree and Sadler, JJ., concur.