OPINION
{¶ 1} Defendant-appellant, Larry E. Moss, files this appeal pursuant to this court's partial grant of his application to re-open his appeal pursuant to App.R. 26(B). Appellant appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of aggravated robbery, two counts of robbery, kidnapping, aggravated burglary, two counts of felonious assault, and discharging a firearm into a habitation, and sentencing him accordingly. For the following reasons, we affirm in part, reversed in part and remand solely for resentencing.
 {¶ 2} Appellant was charged with nine felony counts pursuant to a grand jury indictment filed in the Franklin County Court of Common Pleas. The indictment stemmed from two different incidents that occurred on January 10, 2000. The first incident involved appellant's employer. Appellant worked for Janory Temporary Service ("JTS") in Columbus, Ohio. Appellant asked Henry Cobb ("Henry") to drive him to JTS so he could pick up his paycheck. Henry occasionally drove appellant for a fee because appellant did not own a car.
 {¶ 3} Appellant arrived at JTS around 6:00 or 6:30 p.m. Jeffrey Runyon was the night manager for JTS. Earlier that day, Runyon learned that appellant allegedly had been filling out work orders and getting paid for work appellant had not done. Therefore, Runyon had notified the police in an attempt to have appellant arrested. However, the police were not present when appellant arrived at JTS. Henry stayed in the car as appellant went inside the JTS office. Runyon told appellant he was aware that appellant had falsified work orders and that, therefore, appellant would not receive his paycheck. Appellant then left JTS.
 {¶ 4} Henry drove appellant back to appellant's home on Atchison Avenue. After dropping appellant off, Henry returned to his house where he received a message that appellant wanted to go back to JTS to get his check. Therefore, Henry picked up appellant and they drove back to JTS. They arrived at around 9:00 p.m. Again, Henry waited in the car as appellant went inside.
 {¶ 5} Runyon was alone at JTS. Appellant pulled out a gun and told Runyon to go into the office and make out his checks. Runyon wrote two checks made out to appellant in the amount of $77.90. After Runyon signed the checks, David Vaughn, a driver for JTS, came to the door with two temporary workers, Jeffrey Miller and Mary Wages. Appellant unlocked the door and motioned them inside. At gunpoint, appellant forced Vaughn, Runyon, Miller and Wages to go to the back of the building. Appellant then pulled several phones off the wall and left the building.
 {¶ 6} After leaving JTS, appellant went across the street to Riggs Market and cashed the checks. Appellant appeared angry when he returned to the car. Henry drove appellant back to the appellant's house. Upon arriving, appellant took the keys out of the ignition and went briefly into the house. When he returned to the car, he told Henry to drive to Angela Cobb's house on Fulton Street. Angela was Henry's niece. This action lead to the second incident.
 {¶ 7} Apparently, appellant believed that Henry and/or Henry's brother, Freddie Cobb ("Freddy") had something to do with JTS' refusal to give him his paychecks. Freddy was at Angela's house doing some remodeling work. Angela lived there with her boyfriend, Runyon Barrett and her three-old son.
 {¶ 8} During the drive to Angela's house, appellant was angry and threatened to kill both Henry and Freddy. When appellant and Henry arrived, appellant again took the car keys as he and Henry walked up on the porch and knocked on the front door.
 {¶ 9} Angela opened the door and Henry and appellant stepped inside. Freddy came into the hallway and appellant swung at Freddy with a gun and told him to step outside. A struggled ensued as Angela and Freddy attempted to push appellant outside. Appellant fired two shots in the house before Angela and Freddy managed to push appellant outside and shut the door. Appellant then fired a third shot into the door. The third shot shattered the glass in the door and struck Runyon Barrett in the abdomen as he walked down the hallway from the kitchen.
 {¶ 10} As a result of these two incidents, appellant was indicted for one count of aggravated robbery, two counts of robbery, two counts of kidnapping, one count of aggravated burglary, two counts of felonious assault and one count of improperly discharging a firearm into a habitation. All of the counts carried firearm specifications.
 {¶ 11} The case was tried to a jury on April 28, 2000. The jury acquitted appellant of one kidnapping count, but found him guilty of the offenses alleged in the remaining counts. The trial court imposed a maximum sentence of ten years on the aggravated robbery, kidnapping and aggravated burglary convictions. The sentence for kidnapping ran concurrent with the sentence for aggravated robbery. The ten-year sentence for aggravated burglary ran consecutive to the sentence imposed for aggravated robbery. The court merged the two robbery convictions with the aggravated robbery conviction. The trial court also imposed an eight-year consecutive sentence for the felonious assault conviction. The trial court imposed additional eight-year sentences for the second felonious assault conviction and for discharging a firearm into a habitation to run concurrent with the sentence for felonious assault. An additional consecutive six-year sentence was imposed for the firearm specifications. In total, the trial court sentenced appellant to 34 years in prison.
 {¶ 12} On direct appeal, appellant's convictions were affirmed by this court. State v. Moss (Apr. 12, 2001), Franklin App. No. 00AP-574. On July 5, 2001, appellant filed an application to re-open his appeal pursuant to App.R. 26(B), asserting that his appellate counsel was ineffective for failing to raise a number of alleged trial court errors including, but not limited to, the trial court's failure to make the findings required to impose maximum and consecutive sentences. In a memorandum decision issued February 14, 2002, this court granted appellant's application solely to address the alleged sentencing errors. This court denied the remainder of appellant's App.R. 26(B) application.
 {¶ 13} Appellant now asserts the following assignments of error:
[1.] The trial court erred in ordering the sentences to be served consecutively without specifically finding the factors enumerated in R.C. 2929.14(E)(4).
[2.] The trial court erred in imposing maximum sentences.
[3.] The trial court erred in imposing a term greater than the minimum sentence for a person with no prior history of imprisonment based on facts not found by the jury or admitted by appellant. This omission violated Appellant's rights to a trial by jury and due process under the state and federal Constitutions.
[4.] The trial court committed plain error when it admitted hearsay testimony in violation of the constitutional right to confront witnesses against him guaranteed by the Sixth Amendment to the United States Constitution.
[5.] Appellant was denied the effective assistance of counsel by trial counsel's failure to challenge the constitutionality of the Ohio criminal sentencing scheme and failure to object to the admission of hearsay testimony.
 {¶ 14} Appellant contends in his first assignment of error that the trial court erred by failing to make the findings necessary to impose consecutive sentences. Appellee properly concedes this error.
 {¶ 15} When imposing consecutive sentences, the trial court must find: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses; and (3) one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c) is present. State v. Hatfield,
Franklin App. No. 04AP-402, 2004-Ohio-6450, at ¶ 28, citingState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. In addition to the required findings, the trial court must set forth its reasons for imposing consecutive sentences. Hatfield, supra;State v. Hurst (Nov. 8, 2001), Franklin App. No. 01AP-77;State v. Edmonson (1999), 86 Ohio St.3d 324, 328-329 (trial court must state on the record the reasons for imposing consecutive sentences and engage in an analysis to support the requisite findings).
 {¶ 16} Appellee concedes that the trial court failed to make the findings required by R.C. 2929.14(E)(4) to impose consecutive sentences. We agree. The record reflects that the trial court failed to make the necessary findings to impose consecutive sentences and, therefore, we sustain appellant's first assignment of error.
 {¶ 17} Appellant contends in his second assignment of error that the trial court erred by imposing maximum sentences without engaging in the analysis required by R.C. 2929.14(C) and without making the necessary findings. Again, appellee properly concedes this error.
 {¶ 18} R.C. 2929.14(C) provides in part that a court imposing a sentence upon an offender for a felony "may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." Therefore, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C.2929.14(C). Edmonson, supra, at 329.
 {¶ 19} R.C. 2929.19(B)(2)(d) also requires that the trial court state its reasons for imposing the maximum sentence. Statev. Cosolis, Franklin App. No. 01AP-1070, 2002-Ohio-4302, at ¶ 42; State v. Moss (Dec. 28, 1999), Franklin App. No. 99AP-30. Thus, the trial court is not only required to make the requisite findings under R.C. 2929.14(C), it must also state its reasons. Id.; State v. Legg (Mar. 7, 2000), Franklin App. No. 99AP-574.
 {¶ 20} Based upon our review of the record, we agree with appellant and appellee that the trial court failed to make the requisite findings before imposing maximum sentences. Therefore, we sustain appellant's second assignment of error.
 {¶ 21} In his third assignment of error, appellant contends that the trial court erred by imposing greater than the minimum sentences for a person with no prior history of imprisonment based on facts not found by the jury or admitted by appellant in violation of appellant's Sixth and Fourteenth Amendment rights. Appellant principally relies upon Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, in support of this argument.
 {¶ 22} This court, however, has previously rejected this constitutional challenge to Ohio's sentencing scheme. In Statev. Cockroft, Franklin App. No. 04AP-608, 2005-Ohio-748, at ¶ 16, this court specifically held that a trial court's imposition of non-minimum, maximum and consecutive sentences based on facts supporting aggravated circumstances not found by a jury or admitted by the defendant was not in contravention of Blakely.
See, also, State v. Satterwhite, Franklin App. No. 04AP-964,2005-Ohio-2823; State v. Baker, Franklin App. No. 05AP-177, 2005-Ohio-4680; State v. Imler, Franklin App. No. 04AP-1246,2005-Ohio-4241. These cases all support the proposition that "under Ohio's felony sentencing statutes, `[a]s long as a court sentences a defendant to a prison term within the stated minimum and maximum terms permitted by law, * * * Blakely [is] not implicated.'" State v. Fout, Franklin App. No. 04AP-1139,2005-Ohio-3151, at ¶ 11, quoting State v. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003, at ¶ 38. Based upon these authorities, we overrule appellant's third assignment of error.
 {¶ 23} Appellant contends in his fourth assignment of error that the trial court committed plain error when it admitted hearsay testimony in violation of appellant's Sixth Amendment right to confront witnesses against him. However, this assignment of error is not properly before us.
 {¶ 24} When this court partially granted appellant's App.R. 26(B) application, we expressly limited the re-opening of the appeal to appellant's sentence. We denied all other aspects of appellant's application. The issue raised in appellant's fourth assignment of error does not relate to appellant's sentence. Therefore, it is outside the scope of what we permitted to be re-opened on appeal.
 {¶ 25} Furthermore, a proceeding under App.R. 26(B) is a collateral post-conviction proceeding and is not part of the original direct appeal. Morgan v. Eads, 104 Ohio St.3d 142,2004-Ohio-6110, syllabus. Therefore, when an App.R. 26(B) application is granted, the original direct appeal is not resurrected. Rather, the only issues properly before an appellate court in the re-opened appeal are those that were raised in the application which the appellate court agreed to hear.
 {¶ 26} Here, we note that the issue set forth in appellant's fourth assignment of error was not raised in his App.R. 26(B) application. Thus, it is not properly before us. By raising issues not contained in his App.R. 26(B) application, appellant, in effect, is seeking a second and subsequent application for re-opening which is not allowed. State v. Slagle,97 Ohio St.3d 332, 2002-Ohio-6612, at ¶ 7; State v. Rhodes, Belmont App. No. 03-BE-38, 2004-Ohio-4541, at ¶ 12. Appellant's fourth assignment of error is overruled.
 {¶ 27} Appellant contends in his fifth assignment of error that he received ineffective trial counsel due to trial counsel's failure to challenge the constitutionality of Ohio's criminal sentencing scheme and the failure to object to the admission of hearsay testimony. Because appellant failed to include these arguments in his App.R. 26(B) application, these issues are also not properly before us. Morgan; Slagle; and Rhodes, supra. Moreover, these issues are outside the scope of the limited review we permitted when we granted in part appellant's application to re-open his appeal. Therefore, we overrule appellant's fifth assignment of error.
 {¶ 28} In summary, we sustain appellant's first and second assignments of error. We overrule appellant's third, fourth and fifth assignments of error. We vacate our April 12, 2001 judgment entry, affirm in part and reverse in part the judgment of the trial court and remand this matter to the trial court solely for resentencing.
Judgment affirmed in part and reversed in part; and causeremanded for resentencing.
French and McGrath, JJ., concur.