OPINION
{¶ 1} Defendant-appellant, Roy D. Black, appeals the judgment and sentence of the Court of Common Pleas, Allen County, Ohio, sentencing him to four years imprisonment.
 {¶ 2} On December 17, 2003 Defendant Black and three others placed an order with Domino's Pizza for delivery to a vacant apartment located at 509 East Vine Street, Lima, Allen County, Ohio. When the delivery driver arrived at the vacant apartment the four men attacked him, coming up behind him and smashing his head into the front door. Black then grabbed the delivery man and threw him to the ground, and all four assailants kicked and punched the man while he was on the ground. The subjects then took the pizza and approximately $300.00 dollars in cash from the delivery driver and fled the scene. Black was later taken into custody where he confessed to his part in the robbery.
 {¶ 3} Defendant Black was indicted by the Allen County Grand Jury on July 15, 2004 and charged with one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a first degree felony. Black originally pled not guilty to this charge, but after plea negotiations he agreed to plead guilty to a reduced charge of robbery in violation of R.C.2911.02(A)(2), a felony of the second degree. In exchange for his guilty plea, Black agreed to cooperate in the case against his co-defendants and the prosecution agreed to recommend a four year prison sentence.
 {¶ 4} At the sentencing hearing on October 8, 2004 the trial court followed the prosecutor's recommendation and sentenced Black to four years imprisonment. Black now appeals, asserting the following assignment of error:
The trial court erred when it sentenced appellant to [a] nonminimumsentence based on facts not found by the jury or admitted by Appellant.
 {¶ 5} In this assignment of error, Black argues that Ohio's felony sentencing scheme is unconstitutional pursuant to the United States Supreme Court decision in Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531. In Blakely, the court held that any fact that increases a sentence for a crime beyond "the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdict oradmitted by the defendant" must be submitted to a jury and proved beyond a reasonable doubt. Id. at 2536 — 37, citing Apprendi v. New Jersey
(2000), 530 U.S. 466, 490.
 {¶ 6} We addressed the constitutionality of Ohio's felony sentencing scheme in light of the Court's Blakely decision in State v. Trubee,
Marion App. No. 9-03-65, 2005-Ohio-552. In Trubee, we found that theBlakely rule does not apply to Ohio's sentencing framework; we held that the requirement in R.C. 292914(B) to sentence a defendant to the "shortest prison term authorized for the offense" did not violateBlakely for two reasons: (1) the statute does not increase the maximum penalty to which a defendant is susceptible due to factual findings by a trial judge, and (2) the statute does not mandate an increase in the sentence based on any judicial determinations. Id., at ¶ 51. Accordingly, we held that R.C. 2929.14(B) does not permit a trial court to increase a criminal defendant's sentence in violation of his Sixth Amendment rights. Id.
 {¶ 7} In accordance with our decision in Trubee, a trial court is permitted to increase a defendant's sentence within its discretion pursuant to R.C. 2929.14(B). In the instant case, the transcript of the sentencing hearing clearly reflects the trial court's findings that the shortest prison term authorized by the offense would demean the seriousness of Black's conduct and would not adequately protect the public from future crimes. See R.C. 2929.14(B)(2). Based on these findings, the trial court was permitted to impose a sentence beyond the statutory minimum without relying on facts that must be submitted to a jury pursuant to Blakely.
 {¶ 8} Based on the foregoing and our analysis in Trubee, the trial court properly utilized its discretion to increase Black's sentence beyond the minimum term. Black's assignment of error is overruled and the judgment and sentence of the trial court is affirmed.
Judgment Affirmed.
 Cupp, P.J., and Rogers, J., concur.