DECISION AND JUDGMENT ENTRY
{¶ 1} Daniel G. West appeals his sentence to three years in prison on one count of unlawful sexual conduct with a minor, a violation of R.C.2907.04(A) and (B)(3). West contends that the Washington County Court of Common Pleas erred when it imposed a term of incarceration, and, in particular, a term that exceeds the statutory minimum term of incarceration. Because we find that the trial court did not impose a sentence greater than the statutory maximum, and further because the record supports West's sentence, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} A Washington County Grand Jury indicted West for three counts of Unlawful Sexual Conduct with a Minor. Pursuant to a plea agreement, West pled guilty to one of the third degree felony counts, and the State dismissed the other two.
 {¶ 3} At the sentencing and sex offender classification hearing, the trial court found that West, at age thirty-one, had sexual intercourse with the victim, his fourteen-year-old niece, on three separate occasions. West took advantage of the victim's unhappiness with her school change, and lied to the victim about his ability to impregnate her. West facilitated the offense through his relationship with the victim.
 {¶ 4} The trial court found that imposing a prison term would further the purposes of felony sentencing. The court further found that the shortest prison term would demean the seriousness of West's conduct and not adequately protect the public from future crime by him or others.
 {¶ 5} The court found that West is a sexually oriented offender, and sentenced West to three years in prison. West appeals, asserting the following assignment of error: "The trial court's imposition of 1) a term of imprisonment, and 2) which was greater than the statutory minimum were contrary to law."
 II. {¶ 6} In his assignment of error, West contends that the trial court erred when it imposed a term of incarceration that exceeded the minimum term of incarceration. In support of his argument, West advances two theories. First, West contends that a trial court cannot impose a sentence greater than the minimum sentence unless a jury has found or the defendant has admitted facts to support a greater than minimum sentence. West contends that by increasing his sentence above the minimum available sentence based upon factual determinations made by the judge, rather than by a jury or by his admission, the trial court exceeded its jurisdiction and violated his Sixth Amendment and Fourteenth Amendment rights underBlakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403. Second, West contends that the trial court did not make the required statutory findings to support the imposition of a term of imprisonment that exceeds the statutory minimum.
 {¶ 7} R.C. 2953.08(A)(4) provides that a defendant convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. The appellate court may modify the sentence upon clearly and convincingly finding that the record does not support the sentence, the sentence erroneously includes a prison term, or the sentence is contrary to law. R.C. 2953.08(G)(1)(a)-(d). In applying this standard of review, we do not substitute our judgment for that of the trial court. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record supporting those findings, and (4) properly applied the statutory guidelines. State v. Persons
(Apr. 26, 1999), Washington App. No. 98CA17, citing Griffin Katz, Ohio Felony Sentencing Law (1999) 542-547, Section 9.16-9.20.
 A. {¶ 8} West first contends that his sentence is contrary to law because the trial court, rather than a jury, found that imposing the shortest prison term would demean the seriousness of his conduct and not adequately protect the public from future crime by him or others. Based on these findings, the trial court sentenced West to a three-year prison term, rather than community control sanctions. West asserts that his sentence violates Blakely.
 {¶ 9} In Blakely, the defendant challenged the constitutionality of the sentence imposed upon him for second-degree kidnapping under the State of Washington's sentencing scheme. In Washington, second-degree kidnapping is a class B felony, carrying a maximum punishment of ten years imprisonment. Under Washington's sentencing statute, the "standard range" of punishment for second-degree kidnapping is forty-nine to fifty-three months. The sentencing statute permits a trial judge to impose a sentence above the standard range if he finds "substantial and compelling reasons justifying an exceptional sentence." One of the aggravating factors justifying imposition of an exceptional sentence is whether the offender acted with "deliberate cruelty." The trial court found that Blakely acted with "deliberate cruelty" in carrying out the kidnapping, and therefore imposed an exceptional sentence of ninety months.
 {¶ 10} Blakely appealed his sentence to the United States Supreme Court, and the Court reversed the trial court's imposition of an exceptional sentence. The Blakely court reaffirmed the rule it articulated in Apprendi, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 124 S.Ct. at 2536, quoting Apprendiv. New Jersey (2000), 530 U.S. 466, 490. The court further held that the "statutory maximum" for Apprendi purposes "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the juryverdict or admitted by the defendant. [Citations omitted.] In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis sic.) Blakely at 2537. Thus, the Blakely Court found that the maximum sentence that the trial judge was permitted to impose for second degree kidnapping was fifty-three months, not ten years, as the State of Washington had argued. The Court invalidated Blakely's sentence.
 {¶ 11} Here, West urges us to find that Blakely applies to Ohio's sentencing scheme and that Ohio's sentencing scheme, like the State of Washington's, does not comply with the Sixth Amendment. Specifically, he argues that because R.C. 2929.14(B)(2) requires a trial court, rather than a jury, to make certain factual determinations in order to impose a sentence on an offender above the presumptive minimum, it violates the rule in Blakely that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury."Blakely, 124 S.Ct. at 2536. More specifically, West asserts that the factual findings necessary under R.C. 2929.14(B)(2) to impose a sentence above the minimum are the type of "additional facts" that must be submitted to a jury and proved beyond a reasonable doubt. Since that did not occur, West argues that his sentence violates Blakely.
 {¶ 12} The sentencing scheme at issue in Blakely is a determinate system that requires particular sentences in response to particular sets of facts. Blakely 124 S.Ct. at 2540. Blakely is expressly inapplicable to indeterminate sentencing schemes. Id.; State v. Jenkins, Summit App. No. 22008, 2005-Ohio-11, at ¶ 14. As the Blakely court noted, "the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. * * * Of course indeterminate schemes involve judicial fact-finding, * * * [b]ut the facts do not pertain to whether the defendant has a legal right to a lesser sentence — and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned." Blakely, 124 S.Ct. at 2540.
 {¶ 13} The Court recently reiterated the importance of the determinate/indeterminate distinction when it applied Blakely to the federal sentencing guidelines United States v. Booker (Jan. 12, 2005), ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d. 621. While invalidating the determinate federal sentencing guidelines, the Booker Court noted that the guidelines would not implicate Sixth Amendment concerns if they were indeterminate. The Court stated, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Booker, 125 S.Ct. at 750.
 {¶ 14} Ohio's sentencing statutes, including R.C. 2929.14(B), "are intended only to structure judicial discretion within an indeterminate sentencing scheme * * *." State v. Berry, Butler App. No. CA2003-02-053,2004-Ohio-6027, at ¶ 40, quoting Griffin and Katz, Ohio Felony Sentencing Law, 482, Section 2.22. The findings that the minimum prison term would demean the seriousness of the offense or not adequately protect the public from future crime by the offender are discretionary factors that are to guide the court in imposing a sentence within the standard statutory range. State v. Wilson, Washington App. No. 04CA18, 2005-Ohio-830, at ¶ 51, citing Jenkins, at ¶ 19, and Berry, at ¶ 46. See, also, State v. Combs, Butler App. No. CA2000-03-247, 2005-Ohio-1923, at ¶ 58; State v. Trubee, Marion App. No. 9-03-65, 2005-Ohio-552, at ¶ 46. Thus, we conclude that Apprendi, Blakely, and Booker do not bar an Ohio trial court judge from exercising his traditional sentencing discretion, in which the judge necessarily considers the facts of the underlying offense in making the determinations required under R.C.2929.14(B). Wilson, at ¶ 51.[1]
 {¶ 15} Because we find that the trial court did not exceed its proper authority by finding the minimum sentence would demean the seriousness of his offense and would not adequately protect the public, we find that West's sentence is not contrary to the law set forth in Blakely and its progeny.
 B. {¶ 16} West next asserts that the trial court erred in choosing to impose a sentence of imprisonment and in failing to make the necessary findings, with support in the record, to impose a sentence of imprisonment that exceeds the statutory minimum.
 {¶ 17} The sentencing guidelines in R.C. 2929.13(C) do not provide a presumption in favor of either a prison sentence or community control for third-degree felonies. State v. Anderson, 146 Ohio App.3d 427,2001-Ohio-4297, at ¶ 22; State v. McIver, Vinton App. No. 04CA594, 2005-Ohio-1296, at ¶ 6. When sentencing an offender for a third-degree felony, the sentencing judge has discretion to choose between a prison term or community control sanctions. Anderson at ¶ 22; State v.Satterfield, Columbiana App. No. 04CO26, 2005-Ohio-1326, at ¶ 18. R.C.2929.13(C) directs a court to consider the "overriding purposes of felony sentencing" set forth in R.C. 2929.11 as well as the sentencing factors set out in R.C. 2929.12. See State v. Henry, Delaware App. No. 2004-CAA-06-047, 2004-Ohio-6711, at ¶ 15; State v. Holt, Summit App. No. 21835, 2004-Ohio-3252, at ¶ 20.
 {¶ 18} The "overriding purposes" of the Ohio felony sentencing laws are to protect the public from future crime and to punish the offender. R.C. 2929.11(A). The court must craft a sentence that is "reasonably calculated" to achieve those purposes and, at the same time, not demean the seriousness of the offender's conduct or its effect on the victim. R.C. 2929.11(B). R.C. 2929.12 enumerates the factors that make a crime more or less serious and the factors that make recidivism more or less likely.
 {¶ 19} "Minimum sentences are favored for first-time imprisonment."State v. Edmonson (1999), 86 Ohio St.3d 324, 325. R.C. 2929.14(B) requires a trial court to impose a minimum sentence for first-time imprisonment, unless it "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2); see, also, State v. Jones (2001),91 Ohio St.3d 391, 398. The trial court is not required to "give itsreasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." Edmonson at syllabus (emphasis in original). Nor is the court required to use the "talismatic" words contained in the statute. See State v. Mirmohamed (1998), 131 Ohio App.3d 579, 584. However, the court must indicate on the record that it first considered imposing the minimum sentence and then decided to depart from the minimum based on one or both of the permitted reasons. Edmonson at 328;Mirmohamed at 584.
 {¶ 20} Here, the trial court specifically considered the R.C. 2929.12
factors, and found that West's crime is more serious than the norm, because the injury was made worse by the victim's age, because the defendant caused serious physical harm to the victim, and because the defendant's relationship with the victim facilitated the offense. The record contains evidence supporting these findings. The court also found that West was less likely to recidivate, because he has no criminal record. Both in its judgment entry and on the record during the sentencing hearing (as required by State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paragraph two of the syllabus), the court concluded that sentencing West to a prison term is consistent with and reasonably calculated to achieve the purposes of protecting the public from future crime and punishing the offender. Thus, the court explicitly adhered to the sentencing guidelines in determining whether to sentence West to a term of imprisonment for his third degree felony offense.
 {¶ 21} Additionally, the court specifically found on the record during the sentencing hearing and stated in its judgment entry that the shortest prison term possible will demean the seriousness of the offender's conduct and/or will not adequately protect the public from future crime by the offender or others. Thus, the court indicated on the record that it considered the minimum sentence before deciding to depart from it. Therefore, even though West has not previously served a prison term, his sentence to a term of imprisonment for this offense is not contrary to law. See State v. Remy, Ross App. No. 03CA2731, 2004-Ohio-3630, at ¶ 61.
 {¶ 22} In conclusion, we find that the trial court acted within its constitutional power and discretion, and made the required statutory findings, when it sentenced West to three years imprisonment. Accordingly, we overrule West's assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concur in Judgment and Opinion.
McFarland, J.: Concur in Judgment Only.
[1] We recognize that our view is contrary to the First Appellate District's holding in State v. Montgomery, Hamilton App. No. C-040190,2005-Ohio-1018. However, our holding is consistent with the decisions of other appellate districts. See e.g., Combs, at ¶ 58; State v. Le,
Cuyahoga App. No. 84429, 2005-Ohio-881, at ¶ 25; Trubee, at ¶ 46; Statev. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003, at ¶ 41; State v.Allen, Lake App. No. 2004-L-048, 2005-Ohio-1415.