OPINION
{¶ 1} Meeka P. Baker, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which she was found guilty, pursuant to a plea of guilty, of engaging in a pattern of corrupt activity, which is a second-degree felony and a violation of R.C. 2923.32; two counts of receiving stolen property, which are fifth-degree felonies and violations of R.C. 2913.51; two counts of misuse of a credit card, which are fifth-degree felonies and violations of R.C. 2913.21; and receiving stolen property, which is a fourth-degree felony and a violation of R.C. 2913.51.
 {¶ 2} In mid-2001, appellant traveled from Florida to the Columbus, Ohio area with several accomplices. After obtaining stolen credit cards that had been taken from several places around Columbus, appellant and her accomplices went to local stores, including the Target store at Polaris Parkway, and purchased with these stolen credit cards various consumer electronics which they then took back to Florida.
 {¶ 3} On August 15, 2001, appellant and her accomplices returned to Ohio, obtained several stolen credit cards in Cincinnati, and went to Franklin County, where they purchased numerous items with the credit cards. A security guard at the Polaris Parkway Target store recognized the group from the earlier incident and was able to copy their license plate number, which led police to an airport rental car company. Appellant and her accomplices were apprehended that evening with a van that contained stolen property.
 {¶ 4} On March 3, 2003, appellant was indicted on one count of engaging in a pattern of corrupt activity, 18 counts of receiving stolen property, and nine counts of misuse of a credit card. Appellant subsequently pled guilty to engaging in a pattern of corrupt activity, a second-degree felony; two counts of receiving stolen property, fourth-degree felonies; two counts of misuse of a credit card, fifth-degree felonies; and one count of receiving stolen property, a fourth-degree felony. On January 20, 2005, the trial court sentenced appellant to a six-year term of imprisonment on the engaging in a pattern of corrupt activity count, a 12-month term on the fourth-degree receiving stolen property count, and 10-month terms on each of the remaining counts, all to be served concurrently. Appellant appeals the judgment of the trial court, asserting the following two assignments of error:
Assignment of Error No. 1: The trial court erred in imposing non-minimum sentences on Appellant where the facts necessary to impose such sentences had neither been proven to a jury nor admitted by Appellant, thereby depriving Appellant of her right to a jury trial and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
Assignment of Error No. 2: The trial court abused its discretion in imposing non-minimum sentences on Appellant, as such sentences are contrary to law and are not supported by the record from the sentencing hearing. R.C. 2953.08.
 {¶ 5} In her first assignment of error, appellant argues that the trial court erred in imposing non-minimum sentences on her where the facts necessary to impose such sentences had not been proven by a jury or admitted by her, relying on the United States Supreme Court's decisionBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. Appellant claims that, pursuant to Blakely, she was entitled to a jury determination on those factual findings upon which the trial court based its non-minimum sentence. However, we reject appellant's argument, just as we have rejected identical arguments in a recent line of cases beginning with State v. Abdul-Mumin, Franklin App. No. 04AP-485,2005-Ohio-522, in which we held Blakely does not preclude the trial court from issuing a non-minimum sentence in accordance with Ohio's sentencing guidelines. Id. at ¶ 29-30. See, also, e.g., State v. Houston, Franklin App. No. 04AP-875, 2005-Ohio-4249, at ¶ 46; State v. Imler, Franklin App. No. 04AP-1246, 2005-Ohio-4241, at ¶ 4; State v. Sanchez, Franklin App. No. 04AP-1320, 2005-Ohio-3783, at ¶ 9; State v. Linville, Franklin App. No. 04AP-917, 2005-Ohio-3150, at ¶ 38. Therefore, based upon our recent precedent in Abdul-Mumin, as well as numerous subsequent cases, appellant's first assignment of error is overruled.
 {¶ 6} Appellant argues in her second assignment of error that the trial court erred in imposing non-minimum sentences on her because the sentences were contrary to law and not supported by the record. In order to impose a non-minimum prison term on a defendant, like appellant, who previously has not served a prison term, the trial court must find: (1) the shortest prison term will demean the seriousness of the defendant's conduct; or (2) the shortest prison term will not adequately protect the public from future crime by the defendant or others. R.C. 2929.14(B). The trial court must make these findings at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26. However, the trial court is not required to provide reasons behind its R.C. 2929.14(B) findings. State v. Edmonson (1999), 86 Ohio St.3d 324, 326; Comer at ¶ 26, fn. 2. The trial court's sentence is "contrary to law" and subject to remand if, by clear and convincing evidence, the trial court failed to make the requisite statutory findings. State v. Altalla, Franklin App. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7.
 {¶ 7} We note that appellant contends that, when a trial court imposes non-minimum sentences, it must give reasons to support its findings under R.C. 2929.14(B). Appellant cites paragraph one of the syllabus in Comer
for this proposition. However, paragraph one of the syllabus in Comer
specifically applies only to findings made in support of consecutive sentences under R.C. 2929.14(E)(4). It is clear from ¶ 26 and fn. 2 inComer that a trial court need not state its reasons for imposing a non-minimum sentence.
 {¶ 8} With regard to the requirements of R.C. 2929.14(B), in the present case, the trial court stated:
Regarding the issue as to whether or not there has been a prior incarceration, even giving the benefit of the doubt to Miss Baker, the court has to conclude on the record that the shortest prison term could demean the seriousness of the offender's conduct. And, furthermore, that it will not adequately protect the public from future crime by the offender or others. I do make that finding.
Therefore, it is apparent that the trial court made the appropriate findings under R.C. 2929.14(B). In this case, the trial court found it would not impose the shortest prison term authorized for the offenses because both R.C. 2929.14(B)(1) and (2) applied. Based on this finding, we conclude the trial court complied with the statutory requirements of R.C. 2929.14. Appellant's second assignment of error is overruled.
 {¶ 9} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
French and McGrath, JJ., concur.