OPINION
{¶ 1} Defendant-appellant, Matthew S. Huff ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas sentencing him to a five-year term of imprisonment following his guilty plea to one count of robbery, a felony of the second degree.
 {¶ 2} On November 22, 2003, Tara Patelle ("Patelle"), along with her husband and daughter, was working at a gas station ("the store") in Grove City, Ohio. In the afternoon, appellant entered the store and requested cigarettes. During this transaction, appellant ordered Patelle's daughter and husband to get down on the floor. Appellant reached into his pocket, took out a gun, pointed it at Patelle, and demanded money. Patelle gave appellant $1,790, which was all the money in the store. Appellant took the money and a carton of cigarettes, then left. At that point, Patelle pushed the store's panic button, which dispatched police officers.
 {¶ 3} Appellant was seen driving a pick-up truck with temporary tags, which were traced to John Huff in Circleville, Ohio. Mr. Huff informed the police that although the pick-up truck was registered to him, his son (appellant) was the only person who drove it. The police obtained a photograph of appellant and showed it to the victims, all of whom identified appellant as the perpetrator. Appellant, aware the police were investigating the matter, turned himself in and voluntarily gave a statement implicating himself in the crime.
 {¶ 4} On March 17, 2004, the trial court accepted appellant's plea of guilty and continued the case for sentencing so that a pre-sentence investigation could be conducted. The trial court expressly stated that while it agreed to continue the matter so that it could consider the pre-sentence investigation report, there was no promise of probation. (Tr., Mar. 17, 2004, at 5.) The trial court asked appellant if he understood, and appellant replied in the affirmative. Id. The trial court set the matter for sentencing on May 14, 2004.
 {¶ 5} On October 1, 2004, the court held a sentencing hearing, and inquired as to the time delay between the date of appellant's sentencing and his guilty plea in March of 2004. Appellant's counsel explained:
My client was arrested shortly before sentencing, the original sentencing date in this case, in Pickaway County on a robbery case. He was indicted and subsequently sentenced in front of Judge Neese on a six-year prison sentence. He's currently serving that prison sentence in Pickaway Correctional Institution. That's what the delay was in this case between the original sentencing date and the conveyance of my client.
(Tr., Oct. 1, 2004, at ¶ 3.) The record discloses that appellant's subsequent criminal conviction for robbery ("the Pickaway County robbery"), occurred in May 2004, after his commission of the instant offense. Id. at 9. Appellant's counsel requested that the trial court impose a minimum sentence to run concurrent with the sentence appellant was serving for the Pickaway County robbery, which counsel argued, could not be considered during sentencing in the instant matter. As reflected by the dialogue between the trial court and appellant's counsel, the trial court rejected those arguments, and sentenced appellant to five years of imprisonment, to run consecutive to the sentence he was serving for the Pickaway County robbery.
 {¶ 6} Following journalization of the court's sentencing entry, appellant appealed to this court, asserting the following two assignments of error for our review:
Assignment of Error No. 1:
The trial court erred in imposing non-minimum sentences on Appellant where the facts necessary to impose such a sentence had neither been proven to a jury nor admitted by Appellant, thereby depriving Appellant of his right to a jury trial and due process of law as guaranteed by the Sixth
and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
Assignment of Error No. 2:
The trial court abused its discretion in imposing a non-minimum sentences on Appellant, as such sentences are contrary to law and are not supported by the record from the sentencing hearing.
 {¶ 7} In his first assignment of error, appellant argues that the trial court erred in imposing a non-minimum sentence where the facts necessary to impose such a sentence had not been proven by a jury or admitted by him, relying on the United States Supreme Court's decisions in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348. Appellant claims that, pursuant to Blakely and Apprendi, he was entitled to a jury determination on those factual findings upon which the trial court based his non-minimum sentence.
 {¶ 8} We reject appellant's Blakely — based argument, just as we have done in a recent line of cases beginning with State v. Abdul-Mumin,
Franklin App. No. 04AP-485, 2005-Ohio-522, in which we held Blakely does not preclude the trial court from issuing a non-minimum sentence in accordance with Ohio's sentencing guidelines. Id. at ¶ 29-30. See, also, State v. Baker, Franklin App. No. 05AP-177, 2005-Ohio-4680, at ¶ 5; State v. Houston, Franklin App. No. 04AP-875, 2005-Ohio-4249, at ¶ 46; State v. Imler, Franklin App. No. 04AP-1246, 2005-Ohio-4241, at ¶ 4; State v. Sanchez, Franklin App. No. 04AP-1320, 2005-Ohio-3783, at ¶ 9; State v. Linville, Franklin App. No. 04AP-917, 2005-Ohio-3150, at ¶ 38. Nor does appellant present any argument to persuade us to depart from our holding in Abdul-Mumim, supra, and subsequent cases.
 {¶ 9} As Blakely specifically relates to the requisite statutory findings pursuant to R.C. 2929.14(B), which is at issue herein, we recently explained in State v. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003:
Ohio law does not require a trial court to impose the minimum sentence, but instead authorizes trial courts to exceed the minimum sentence and impose any prison term within the sentencing range permitted by statute if the court makes a finding under R.C. 2929.14(B)(2) that the shortest prison term would demean the seriousness of the offender's conduct or that it would not adequately protect the public from future crime by the offender or others. * * * In other words, a judge is "free to use [his or her] discretion, and to consider facts not presented to the jury, in deciding the appropriate punishment from within the range prescribed by statute." * * * Unlike Blakely and Apprendi, the R.C.2929.14(B)(2) factors do not subject an offender to a prison term greater than the maximum sentence authorized by statute for the offense for which an offender has been found or has pled guilty.
The findings the trial court made under R.C 2929.14(B)(2) are not the type of findings that "infringe on the province of the jury" as was the case in Blakely. * * * The factors in R.C. 2929.14(B)(2) relating to the offense and the offender are discretionary factors that trial courts have traditionally considered in determining what sentence to impose within the limits prescribed by statute. * * * Moreover, contrary to defen-dant's assertion, "the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt."
Id. at ¶ 39, 40 (citations omitted). Thus, even if Blakely applied to Ohio's sentencing guidelines in general, it would have no application to the findings of fact under R.C. 2929.14(B) because those findings have never been within "the province of the jury." See, also, State v.Johnson, Washington App. No. 04CA23, 2005-Ohio-3943; State v. West,
Washington App. No. 04CA37, 2005-Ohio-3485, at ¶ 14; State v. Wilson,
Washington App. No. 04CA18, 2005-Ohio-830, at ¶ 51; State v. Semala,
Lake App. No. 2003-L-128, 2005-Ohio-2653, at ¶ 32, quoting State v.Morales, Lake App. No. 2003-L-025, 2004-Ohio-7239, ¶ 77-83; State v.Alexander, Summit App. No. 22295, 2005-Ohio-2393, at ¶ 29; State v.Farley, Butler App. No. CA2004-04-085, 2005-Ohio-2367, at ¶ 41, citingState v. Combs, Butler App. No. CA2000-03-047, 2005-Ohio-1923, at ¶ 58;State v. Black, Allen App. No. 1-04-83, 2005-Ohio-1253, at ¶ 7; Statev. Berry (2004), 159 Ohio App.3d 476, 486-488, appeal not allowed, (2005), 106 Ohio St.3d 1488; State v. Trubee, Marion App. No. 9-30-65, 2005-Ohio-552.
 {¶ 10} Furthermore, as long as a court sentences a defendant to a prison term within the stated minimum and maximum terms permitted by law, the Sixth Amendment is not violated and Blakely and Apprendi are not implicated. Sieng, supra, at ¶ 38; State v. Rupert, Lake App. No. 2003-L-154, 2005-Ohio-1098, at ¶ 38. "As a criminal defendant has never enjoyed a Sixth Amendment right to jury sentencing, the penalty phase of a criminal trial does not implicate the full panoply of rights guaranteed by due process", citing State ex rel. Mason v. Griffin (2004),104 Ohio St.3d 279, 281-282; State v. Perry, Cuyahoga App. No. 84397, 2005-Ohio-27, at ¶ 94; State v. Hardie, Washington App. No. 04CA21, 2004-Ohio-7278, at ¶ 10; State v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598, at ¶ 22; State v. Bell, Hamilton App. No. C-030726, 2004-Ohio-3621, at ¶ 40-42, appeal not allowed, 103 Ohio St.3d 1481. See, also, Harris v. United States (2002), 536 U.S. 545, 564,122 S.Ct. 2406, 2418, 153 L. Ed.2d 524 (stating that "the judge may impose the minimum, the maximum, or any other sentence within the [standard] range [prescribed by statute for the offense for which the jury found the defendant guilty] without seeking further authorization from those juries — and without contradicting Apprendi"). In this case, appellant pled guilty to robbery, a second-degree felony. The minimum sentence for robbery is two years, although permissible sentences are two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). The trial court sentenced appellant to five years, which is below the maximum sentence allowed by statute. Thus, in contrast to the trial courts inBlakely and Apprendi, the trial court here sentenced appellant to a term within the statutorily prescribed standard sentencing range. As such, appellant's Sixth Amendment was not violated and Blakely and Apprendi are not implicated.
 {¶ 11} Based on the foregoing, we do not find that appellant's sentence is contrary to law. Accordingly, appellant's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, appellant argues that the trial court erred in imposing a non-minimum sentence on him because the sentence was contrary to law and not supported by the record. Specifically, he contends that trial court did not comply with R.C.2929.14(B) because it "never found that the shortest term would be inadequate," nor did it "acknowledge that it imposed more than the minimum sentence." (Appellant's Brief at 10.) Appellant also asserts the trial court erred when it considered the Pickaway County robbery, which he committed after committing the offense at issue herein, during sentencing.
 {¶ 13} Appellee asserts the trial court did find that "not imposing a prison sentence would demean the offense, but did not address the imposition of more than the minimum sentence." (Brief of Appellee at 13.) At oral argument, however, appellee took the contrary position, arguing that the trial court complied with R.C. 2929.14(B). After review of the sentencing transcript, however, we find that the error asserted in appellant's brief does not warrant the reversal and remand of this action.
 {¶ 14} In order to impose a non-minimum prison term on a defendant, like appellant, who previously has not served a prison term, the trial court must find: (1) the shortest prison term will demean the seriousness of the defendant's conduct; or (2) the shortest prison term will not adequately protect the public from future crime by the defendant or others. R.C. 2929.14(B). The trial court must make these findings at the sentencing hearing. State v. Comer (2003), 99 Ohio St.3d 463, 478. However, the trial court is not required to provide reasons behind its R.C. 2929.14(B) findings. Id. at fn.2; State v. Baker, supra, at ¶ 6, citing State v. Edmonson (1999), 86 Ohio St.3d 324, 326; State v.Newcomb, Franklin App. No. 04AP-1223, 2005-Ohio-4570, at ¶ 18, 21; Statev. Thatcher (Dec. 27, 2001), Franklin App. No. 01AP-569. The trial court's decision to impose a non-minimum sentence is "contrary to law" and subject to remand if, by clear and convincing evidence, the trial court failed to make the requisite statutory findings. State v. Baker,
supra, at ¶ 6; State v. Worrell, Franklin App. No. 04AP-410, 2005-Ohio-1521, at ¶ 75, citing State v. Altalla, Franklin App. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7.
 {¶ 15} We note that appellant contends that, when a trial court imposes non-minimum sentences, it must give reasons to support its findings under R.C. 2929.14(B). Appellant cites paragraph one of the syllabus in Comer for this proposition. However, paragraph one of the syllabus in Comer specifically applies to findings made in support of consecutive sentences under R.C. 2929.14(E), which is not at issue here. Thus, the trial court did not need to state its reasons to support its finding under R.C. 2929.14(B)(2), and thus, did not need to explain why "the shortest term would be inadequate under the particular circumstances of this case." (Appellant's Brief at 9.)
 {¶ 16} With respect to the requirements of R.C. 2929.14(B), prior to imposing sentence in this case, appellant's counsel and the trial court discussed the applicability of Blakely, the imposition of a minimum sentence, as well as appellant's Pickaway County robbery. Appellant's counsel requested the trial court impose the minimum sentence, asserting that Blakely mandated that result. Counsel further argued that imposition of the minimum sentence was required because at the time appellant committed the instant offense, he had not yet committed the Pickaway County robbery, for which he was currently incarcerated. Thus, according to appellant's counsel, the trial court was precluded from considering appellant's subsequent criminal conduct during sentencing.
 {¶ 17} The trial court rejected counsel's arguments. It disputed counsel's interpretation of Blakely, as well as Blakely's applicability to the instant matter. (Tr. Sentencing Hearing, at 5, 6.) The trial court also disagreed with counsel's contention that it could not take appellant's subsequent criminal conduct into consideration during sentencing, completely discounting the theory that the Pickaway County robbery "establishes the fact I have to give [appellant] a minimum on this one." Id. at 6, 9-11. In sentencing appellant, the trial court stated:
Well he does stand charged with robbery, a felony of the second degree. That is a serious offense, and I think not to treat it seriously would demean the seriousness of the offense if he didn't go to prison. And I think we all agree that he must.
* * *
I'm going to impose a sentence of five years in prison. He has 11 days jail-time credit in this case. The restitution has been completed so I won't order that further. * * * And I am not going to mark this as concurrent because it is a separate robbery on a separate date in a separate county, and I think there's no justification for making it concurrent.
Id. at 10, 12.
 {¶ 18} Appellant contends that the above-quoted language does not suffice under R.C. 2929.14(B), in that the trial court did not acknowledge it sentenced appellant to more than the minimum, nor did it find that the shortest prison term would be inadequate. In support, appellant directs our attention to State v. Newcomb, Franklin App. No. 03AP-404, 2004-Ohio-4099; State v. Jackson, Franklin App. No. 03AP-273, 2003-Ohio-5946; State v. McFadden, Franklin App. No. 01AP-1476, 2003-Ohio-5027; State v. Walker, Franklin App. No. 03AP-232, 2003-Ohio-6936. In these cases, we reversed and remanded for sentencing because the trial court made no mention of whether or not the defendant had previously served a prison term, did not mention either of the two findings enumerated in R.C. 2929.14(B), and/or articulate any acknowledgement that more than the minimum sentence was being imposed. A review of the sentencing record, however, discloses that appellant's reliance on our decisions in these cases is misplaced.
 {¶ 19} While we agree that the above-quoted language if read in a vacuum may support appellant's argument, the transcript, when read as a whole, does not support his conclusion. The transcript discloses that the trial court did, in fact, acknowledge the statutory presumption that the minimum sentence should be imposed on an offender who had not previously served a term of imprisonment, and it recognized that prior to commission of the instant offense, appellant had not served a prison term. Id. at 5. Throughout its discourse with counsel, however, the trial court made clear its intention to impose more than the statutory minimum sentence. Id. at 5, 6, 9-11. In fact, as to appellant's counsel's position for a minimum sentence, the trial court remarked, "the logic in this escapes me." Id. at 10. Thus, at the time the trial court imposed sentence, it had already rejected appellant's request for a minimum sentence. Given that fact, the import of the language employed by the trial court compels the conclusion that it found sentencing appellant to the minimum sentence would demean the seriousness of the offense, which is what R.C. 2929.14(B) requires. "The trial court is not required `to utter any magic or talismanic words, but it must be clear from the record that the court made the required findings.'" State v. Thatcher, supra, quoting, Statev. White (1999), 135 Ohio App.3d 481, 486; State v. Quinn (1999),134 Ohio App.3d 459 (the trial court substantially complied with the statute when it provided sufficient findings on the record); State v.Fincher (Oct. 14, 1997), Franklin App. No. 97AP-352 (R.C. 2929.14(B) does not require such talismanic words).
 {¶ 20} As such, we do not find by clear and convincing evidence that the record did not support the non-minimum sentence or that the sentence was contrary to law.
 {¶ 21} Appellant also takes issue with the trial court's consideration of appellant's subsequent criminal conduct. According to appellant, "[i]t is well-settled that a trial court may not enhance a sentence based on an offender's conduct after entry of his guilty plea." (Appellant's Brief at 10.) In support, he cites to State v. Norvett (Dec. 31, 2001), Franklin App. No. 01AP-572. A close read of Norvett, however, discloses that it does not stand for the proposition espoused by appellant. In Norvett, we held that a defendant's failure to appear for sentencing cannot serve as a basis for the imposition of consecutive sentences. It does not stand for the broad proposition that a sentencing court is precluded from considering subsequent criminal conduct during sentencing. Moreover, Ohio case law does not support appellant's position.
 {¶ 22} In State v. Hanson (Mar. 22, 2002), Lucas App. No. L-01-1217, a case factually similar to the case sub judice, the defendant committed a robbery in Ohio. Prior to sentencing, and subsequent to that offense, the defendant committed two additional robberies in Indiana and was found with explosive devices in his home and car. On appeal, defendant argued that the trial court erred when it considered his subsequent criminal offenses in Indiana when it imposed his sentence. The Second District Court of Appeals disagreed, explaining:
R.C. 2929.12 expressly provides that the trial court shall consider certain seriousness and recidivism factors and, in addition, may consider any other factors that are relevant to achieving the purposes and principles of sentencing.
* * *
R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are:
"to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
We conclude that the court's consideration of appellant's uncharged yet undisputed ongoing conduct was not improper as it was clearly relevant to the issue of the public's safety.
Id. (Citation omitted.)
 {¶ 23} Our recent decision in State v. Chandler, Franklin App. No. 04AP-895, 2005-Ohio-1961, is in accord. In that case, the trial court imposed non-minimum, consecutive sentences, based in part, because defendant had committed other offenses involving obstruction and/or disorderly conduct while the offenses at issue therein were pending. At sentencing, the trial court noted that the defendant committed four car thefts in a period of four months, and observed that three subsequent offenses occurred after the indictment in the first of the four cases. We found no error in the trial court's consideration of the defendant's string of indictments, as well as his additional offenses committed while under indictment in the first of his four cases.
 {¶ 24} In another recent case, State v. Hinton, Cuyahoga App. No. 84582, 2005-Ohio-3427, the defendant was arrested on August 5, 2001, and charged with gross sexual imposition, arising from an incident involving his older sister's best friend. The defendant was released on bail, and the case was referred to the grand jury. A few days later, the defendant was arrested again, this time charged with unlawful sexual conduct with a minor, arising out of an incident involving his younger sister. He was indicted and arraigned in both cases, however, he was capiased for more than a year, during which time the defendant was convicted (of criminal conduct unrelated to that pending in Cuyahoga County), and served a term of imprisonment in Montgomery, Alabama. Upon his return to Ohio, defendant pled guilty to unlawful sexual conduct with a minor in one case, and gross sexual imposition in the other case. During sentencing, the trial court considered defendant's arrests in Alabama. In holding the trial court did not err in doing so, the court of appeals explained:
First, we note that the Rules of Evidence do not apply in sentencing hearings, and the judge may consider any reliable evidence in the record. Evid.R. 101(C); State v. Cook (1998), 83 Ohio St.3d 404, 425, 1998
Ohio 291, 700 N.E.2d 570. Second, "it is well-established that a sentencing court may weigh such factors as arrests for other crimes. As noted by the Second Circuit United States Court of Appeals, the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant: `To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions."
Id. at ¶ 12, quoting United States v. Doyle (C.A. 2, 1965),348 F.2d 715, 721, certiorari denied, (1965) 382 U.S. 843, 15 L. Ed.2d 84,86 S.Ct. 89; United States v. Metz (C.A. 3, 1972), 470 F.2d 1140, certiorari denied, (1973), 411 U.S. 919, 36 L. Ed.2d 311, 93 S.Ct. 1558;State v. Burton (1977), 52 Ohio St.2d 21, 23; City of Maple Heights v.Dickard (1986), 31 Ohio App.3d 68, 71. See, also, Williams v. NewYork (1949), 337 U.S. 241, 247, 93 L.Ed. 1337, 69 S.Ct. 1079 ("Highly relevant — if not essential — to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.") (Citations omitted.)
 {¶ 25} Other appellate courts have held likewise. See, e.g., State v.Jordan, Athens case No. 01CA4, 2002-Ohio-417 (trial court did not err in considering defendant's subsequent criminal conduct for purposes of sentencing because a sentencing court is not "limited to considering only the offense committed and its results"), citing State v. Stanley (Nov. 18, 1998), Meigs App. No. 97CA21 (defendant's admission to driving under the influence while she was on bond for tampering with evidence and receiving stolen property was relevant to determining her likelihood of recidivism in sentencing for the later two offenses); State v. Newton
(Dec. 21, 2001), Montgomery App. No. 18934 (trial court did not err in considering defendant's pending assault charge in another jurisdiction because R.C. 2929.12(D) mandates a sentencing court to consider any other relevant factors).
 {¶ 26} Based on the foregoing, the record reflects the trial court fully complied with the requirements of R.C. 2929.14(B). We further conclude that the trial court's consideration of appellant's subsequent criminal conduct was not improper. As such, we find the trial court did not abuse its discretion in its imposition of more than the minimum sentence.
 {¶ 27} Accordingly, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.