[Cite as *State v. Rogers*, 2017-Ohio-9161.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 105335 and 105518**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# PIERRE ROGERS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED IN PART; REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-600299-A, CR-15-600765-A, and CR-16-607691-A

**BEFORE:** Keough, A.J., S. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 21, 2017

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Cleveland, Ohio 44137


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Nathalie E. Naso
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

**{¶1}** In this consolidated appeal, defendant-appellant, Pierre Rogers, appeals his convictions following guilty pleas in three separate cases. For the reasons that follow, we affirm in part, reverse in part, and remand.

**{¶2}** In October 2015, Rogers was named in a four-count indictment under Cuyahoga C.P. No. CR-15-600299 charging him with two counts each of aggravated vehicular assault, second-degree felonies, and driving while under the influence of alcohol or drugs, first-degree misdemeanors. The case stemmed from a February 2105 automobile accident where Rogers was driving on a suspended license at a high rate of speed and struck another vehicle, causing the driver injury.

**{¶3}** In November 2015, Rogers was named in a single-count indictment under Cuyahoga C.P. No. CR-15-600765, charging him with drug possession, a felony of the fifth degree.

**{¶4}** In July 2016, Rogers was named in a seven-count indictment under Cuyahoga C.P. No. CR-16-607691, charging him with three first-degree felony counts of aggravated arson; one count of aggravated arson in the second-degree; arson, a first-degree misdemeanor; aggravated menacing, a misdemeanor of the first degree; and criminal damaging or endangering, a first-degree misdemeanor. The case stemmed from Rogers setting the porch of a multifamily home where his ex-girlfriend resided on fire.

**{¶5}** After being found competent to stand trial and sane at the time of the commission of the offenses, Rogers entered guilty pleas in each case in October 2016.

{¶6} In Case No. CR-15-600299, Rogers pleaded guilty to one count each of aggravated vehicular assault (Count 1) and driving while under the influence of alcohol or drugs (Count 3). The trial court imposed a five-year sentence on Count 1, and ordered Rogers to serve a three-day sentence in the county jail on Count 3. The sentences were ordered concurrent to each and to the other cases. The court also ordered Rogers to pay restitution to the victim in the amount of $35,507.69, and a fine of $375. Finally, the court imposed a lifetime suspension of Rogers's driver's license.

{¶7} In Case No. CR-15-600765, Rogers pleaded guilty to drug possession and was sentenced to six months in prison, to be served concurrently with the other sentences.

{¶8} In Case No. CR-16-607691, Rogers pleaded guilty to an amended charge of attempted aggravated menacing, a felony of the third degree (Count 4), aggravated menacing (Count 6), and criminal damaging (Count 7). The court sentenced Rogers to twelve months in prison on Count 1, and six months each for Counts 6 and 7. The sentences were ordered to be served concurrent to each other and with the other cases. Additionally, Rogers was advised at sentencing of the mandatory lifetime registration requirements for the arson-related offense.

{¶9} Rogers now appeals, raising four assignments of error.

I. Sentence Unsupported by the Record

{¶10} In his first assignment of error, Rogers contends that the trial court erred when it imposed a five-year prison term and a lifetime driver's license suspension because the sentence is not supported by the record.

**{¶11}** Appellate review of felony sentences is governed by R.C. 2953.08, which provides that when reviewing felony sentences, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶12}** In this case, Rogers was sentenced in multiple cases on a number of charges — the most egregious being aggravated vehicular assault, a second-degree felony, and was sentenced to a prison term of five years. The five-year sentence imposed is within the statutory range for a second-degree felony. *See* 2929.14(A)(2) (range is two to eight years in prison). The sentences for the offenses in the other cases — driving while under the influence of alcohol or drugs (3 days); attempted aggravated arson (12 months);

aggravated menacing (6 months); criminal damaging (6 months); and drug possession (6 months) — were ordered to run concurrent with each other, for a total prison sentence of five years. Therefore, the prison term itself is not contrary to law.

{¶13} Additionally, the record reflects that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism sentencing factors in R.C. 2929.12. The trial court's journal entry of sentence states, "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." These statements alone are sufficient to satisfy the trial court's obligations under the law. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9. The trial court is not required to make any findings in support of the factors contained in R.C. 2929.11 or 2929.12. *See, e.g., State v. Gay*, 8th Dist. Cuyahoga No. 103641, 2016-Ohio-2946, ¶ 23.

{¶14} Nevertheless, the trial court discussed on the record that despite Rogers having no prior felony criminal history, his conduct caused serious injury and he subsequently engaged in serious criminal conduct following the accident. The court felt that a minimum term of incarceration would demean the seriousness of the offense. These statements reveal that the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and the serious and recidivism factors contained in R.C. 2929.12 prior to imposing the sentence. The sentence is not contrary to law. Accordingly, the only way this court "may vacate or modify any sentence that is not

clearly and convincingly contrary to law" is if we find by clear and convincing evidence that the record does not support the sentence. *Marcum* at ¶ 23.

{¶15} Rogers contends that there is clear and convincing evidence that the record does not support the trial court's findings and the five-year sentence because the trial court failed to consider all of the "less serious" and "less likely" recidivism factors, and gave undue weight to the more serious and more likely recidivism factors. Prior to imposing sentence, the court had the opportunity to review the presentence investigation report, and hear statements by the prosecutor, the victim in the accident, an investigating officer, defense counsel, Rogers, and Rogers's mother.

{¶16} The seriousness and recidivism factors listed in R.C. 2929.11 are nonexhaustive lists, and the trial court may consider any other relevant factors it deems appropriate. Additionally, "'the weight to be given to any one sentencing factor is purely discretionary and rests with the trial court.'" *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 20, quoting *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 10.

{¶17} Rogers contends that a "less serious" factor that the court did not consider is that he did not expect to cause any harm to the victim. The trial court heard statements in mitigation that Rogers did not intend to hurt anyone, but also heard that he did not care what happened to himself and "whatever happened, happened." The court also heard from the accident reconstructionist, who stated that Rogers was driving approximately 109 m.p.h. when the accident occurred. Therefore, while he may not have intended to

hurt anyone, the court heard that Rogers had a complete disregard for anyone's safety when he drove at a high rate of speed while under the influence of alcohol and drugs.

{¶18} Rogers also contends that the unique circumstances of the case, specifically "breaking up with his girlfriend that night and then self-medicating with alcohol in an effort to calm his bi-polar disorder, are unlikely to recur." However, the record reflects that despite the accident, Rogers continued to self-medicate and engage in serious conduct when he attempted to set fire to his ex-girlfriend's residence. Subsequent criminal conduct may be considered during sentencing. *State v. Hinton,* 8th Dist. Cuyahoga No. 84582, 2005-Ohio-3427; *State v. Huff,* 10th Dist. Franklin No. 04AP-1179, 2005-Ohio-5533, *State v. Jordan,* 4th Dist. Athens No. 01CA4, 2002-Ohio-417. Rogers's sentence is supported by the record.

{¶19} However, the driver's license suspension imposed on Rogers is contrary to law. Rogers pleaded guilty to a second-degree felony charge of aggravated vehicular assault. The offense was enhanced because he was driving under suspension at the time of the offense. In addition to the other penalties and sanctions, the law mandates at least a Class 3 driver's license suspension. However, the enhancement of the driver's license suspension from a Class 3 to a Class 2 suspension does not arise unless Rogers was previously convicted or pleaded guilty to an offense named in R.C. 2903.08(B)(2), which he did not. Accordingly, Rogers was subject only to a Class 3 suspension, which is a license suspension from two to ten years. *See* R.C. 2903.08(B)(2) and 4510.02(A)(3).

**{¶20}** Accordingly, based on the record before this court, we cannot find by clear and convincing evidence that the record does not support the five-year prison sentence. However, we find that Rogers's license suspension is contrary to law. The first assignment of error is sustained in part, and overruled in part.

## II. Plea — Arson Registration Requirement

**{¶21}** Rogers contends in his second assignment of error that he did not enter a knowing, intelligent, and voluntary plea because the trial court failed to fully advise him at the time of his plea of the lifetime arson registration requirement.

**{¶22}** Pursuant to Crim.R. 11(C)(2)(a), the court shall not accept a plea of guilty in a felony case without first addressing the defendant personally and determining whether he is making the plea voluntarily and with full understanding of the nature of the charge and of the maximum penalty involved. The maximum penalty, however, does not include the registration requirements under the Ohio Arson Registry.

**{¶23}** R.C. 2909.14 and 2909.15 requires all arson offenders, including those convicted of attempted arson, to register for life with the sheriff of the county in which the offender resides. This registration period may be limited by the court after ten years of reporting. Who notifies the defendant of the registration requirements depends on the sentence imposed. R.C. 2909.14. For defendants sentenced to community control sanctions, the notification duty falls on the "the judge" at the time of sentencing. R.C. 2909.14(A)(2). However, for defendants receiving a term of incarceration, the "official

of a jail" is required to notify the defendant of the registration requirements prior to release. R.C. 2909.14(A)(1).

**{¶24}** In this case, Rogers was sentenced to a term of imprisonment; therefore, the trial court was not statutorily required to notify Rogers of his obligation to register. This obligation falls upon the official at the correctional facility where he was confined. *See State v. Jones*, 6th Dist. Lucas No. L-16-1014, 2017-Ohio-413, ¶ 22.

**{¶25}** Notwithstanding who must notify a defendant, the arson registration obligations are not punitive; they are considered remedial, collateral consequences of the underlying arson-related offense. *Jones* at ¶ 26, citing *State v. Reed*, 11th Dist. Lake No. 2013-L-1, 2014-Ohio-5463; *State v. Caldwell*, 1st Dist. Hamilton No. C130812, 2014-Ohio-3566; *State v. Galloway*, 2015-Ohio-4949, 50 N.E.3d 1001 (5th Dist.). Accordingly, because they are collateral consequences and not punishment, Crim.R. 11 does not require a trial court to inform a defendant of the registration and notification requirements. *See, e.g., State v. Rice*, 8th Dist. Cuyahoga No. 72685, 1999 Ohio App. LEXIS 535 (Feb. 18, 1999) (discussing remedial nature of Megan's Law; notification of all collateral consequences of plea is not required).

**{¶26}** Accordingly, the trial court had no obligation to inform Rogers of the applicable registration requirements before accepting his guilty plea. The assignment of error is overruled.

### III. Court Costs Imposed After Sentencing

**{¶27}** In his third assignment of error, Rogers contends that the trial court erred when it later imposed court costs in the sentencing journal entry, after waiving them at the sentencing hearing.

**{¶28}** The record is clear that during sentencing, the court stated that court costs were waived.  (Tr. 22.)  However, in each of the judgment entries of conviction, the trial court entered judgment against Rogers for court costs, effectively modifying Rogers's sentence outside his presence.  The court's actions violated Crim.R. 43(A), which requires that a defendant "be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules."

**{¶29}** Accordingly, the assignment of error is sustained and the case is remanded with instructions for the court to issue a nunc pro tunc entry to make the sentencing entries reflect what occurred during sentencing — costs were waived.  *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 13.

### IV.   Effective Assistance of Counsel

**{¶30}** In his fourth assignment of error, Rogers contends that he was denied effective assistance of counsel when his counsel (1) stipulated to the competency and sanity report from the court psychiatric clinic, and (2) failed to request an independent psychiatric examination when there was a documented history of mental health issues.

**{¶31}** A plea will not be considered voluntary if it is the result of ineffective assistance of counsel.  *State v. Banks*, 9th Dist. Lorain No. 01CA007958,

2002-Ohio-4858, ¶ 16. In order to prevail on this claim, Rogers must meet the test for ineffective assistance of counsel. *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992). This requires a convicted defendant to prove two things — counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The claim fails if the defendant cannot satisfy either prong of the test. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

**{¶32}** Where a defendant challenges trial counsel's performance in connection with a guilty plea, the defendant can establish the prejudice necessary for an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offense at issue and would have insisted on going to trial. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *Xie* at 524, and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12.

**{¶33}** A defendant is presumed competent to stand trial. This presumption is rebutted only when a preponderance of the evidence shows that due to his present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against him or of assisting in his defense. R.C. 2945.37(G).

**{¶34}** In this case, defense counsel stipulated to the competency and sanity evaluations without requesting any additional evaluations. Pursuant to R.C. 2945.37(E),

it is not ineffective assistance of counsel to stipulate to the admission of a report rather than requiring the expert to testify, especially when there is nothing in the report that seems to require cross-examination.

{¶35} Although counsel was aware that Rogers suffered from mental health issues, the record reveals that Rogers understood the legal proceedings and was able to participate and assist in his defense. Furthermore, there is nothing in the record that conflicts with the findings in the competency and sanity evaluation reports. Accordingly, even if another evaluation had been performed, it is unlikely the results would have been different. *See In re Anderson*, 5th Dist. Tuscarawas No. 2001AP030021, 2002-Ohio-776 (where there is no indication that a second evaluation would reveal a different conclusion, a defendant is hard-pressed to establish ineffective assistance of counsel for failing to request a second exam); *In re Gooch*, 2d Dist. Montgomery No. 19339, 2002-Ohio-6859, ¶ 29-31 (stipulating to a competency report and failing to request an additional report can fall within the realm of reasonable professional assistance).

{¶36} Accordingly, Rogers has failed to withstand his burden of proving that he was denied effective assistance of counsel or that he was prejudiced by his counsel's performance to render his plea invalid. The assignment of error is overruled.

{¶37} Judgment affirmed in part, reversed in part, and remanded to the trial court to impose a Class 3 driver's license suspension against Rogers in Case No. CR-15-600299. Additionally, the trial court is ordered to correct nunc pro tunc all

judgment entries of conviction subject to this appeal, to reflect that court costs are waived.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, in part, any bail pending appeal is terminated. Case remanded to the trial court for correction and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR